Derbigny, J.
delivered the opinion of the court. The defendant, Adelaide Metayer, a woman of colour, is in possession of her freedom, since a number of years. A person, who calls himself her master, now sues to make her return to the state of slavery.
It was at first doubted, whether the plaintiff had proved himself to be the same individual, whom the witnesses call the only son and heir of Charles Metayer of Cape Francois, who was the master of the defendant, when the revolution of Hispaniola broke out. But, after an attentive perusal of the record, it is now believed, that the plaintiff is sufficiently identified with Metayer’s son.
The defendant pleads, in general terms, that she is free,—-She has failed in a former suit, *17 where she was plaintiff in damages for false im-1 ° prisonment, Metayer vs. Noret, 5 Martin, 566, to prove her freedom by emancipation under her master’s hand ; but the evidence, in the present case, shews that she was in Hispaniola when the general emancipation was proclaimed by the commissioners of the French government, and remained there until after the evacuation of the island by the French in 1803, a period of about ten years. It is furtheqproved, that she continued in the enjoyment of her freedom, without interruption until 1816 ; so that she has lived as a free person during twenty-three years, that is to say, three years more than the time required by law for a slave to acquire his freedom, by prescription in the absence of his master.
The plaintiff objects that the time during which the defendant remained in Hispaniola, ought not to be included in this calculation, because the abolition of slavery in that island was an act of violence, and that prescription does not run against those who have been so dispossessed, so long as they are prevented from claiming their property ; according to the maxim : contra non valentem agere nulla currii prescriptio. But the plaintiff cannot avail himself of this exception, without admitting, at the same time, that the government of Hispaniola, during its divers revolutions, continued to countenance the general eman *18 cipation ; and then, instead of the simple fact of 1 4 possession, the right of the defendant to her free-¿om by law would be the consequence: for if the abolition of slavery by the commissioners of the French republic has been maintained by the successive governments of the island, no foreign court wiil presume to pronounce that unlawful which, through a Course of political events, has been sanctioned by the supreme authority of the country. g
Moreau for the plaintiff, Morel for the defendant.
Therefore, without entering into this very delicate subject any further than the present case makes it strictly necessary, we are bound to say, at least, that, by virtue of the general emancipation, the defendant enjoyed her freedom in fact, no matter under what modification, and that the years which she passed at Cape Frangois, in that situation, must be included in the time during which she did not live in a state of slavery; which time, at the lowest calculation, exceeds that which is required by law for a slave to prescribe his freedom in the absence of his master.
It is, therefore ordered, adjudged and decreed that the judgement of the parish court be affirmed with costs.