Eastern District.
*June,* 1830.

SAVENAT & AL
*vs.*
LE BRETON
. AND AL.

*SAVENAT & AL. vs. LE BRETON & AL.*

.. Property conveyed to the husband in lieu of a sum of money inherited by the wife, is paraphernal.

The rigor of the law, which declares that property acquired during marriage, shall be considered as common to both husband and wife, although purchased with the separate funds of one of them, is applicable only to acquisitions made by purchase, and does not necessarily include things which may be received by either of them, in payment for money due to them in their separate and individual rights.

APPEAL from the court of the parish and city of New-Orleans.

This suit was brought by the wife, to recover a lot of ground, which she claimed as her paraphernal property, and which had been sold by her husband to the defendant.

It appeared from the evidence, that the portion of the plaintiff in the succession of her father and mother, had been deposited in the hands of her aunt, who conveyed the lot in question to the husband, in discharge of the debt. In the act, the husband acknowledged that he received the lot as part of the plaintiff's paraphernal estate.

There was judgment for the plaintiff, and the defendant appealed.

*Moreau* and *Soulé*, for appellant.

*De Armas*, for appellee.

Eastern District
*June*, 1830.

SAVENAT & AL.
*vs.*
LE BRETON
AND AL.

MATHEWS, J. delivered the opinion of the court. In this case the plaintiff claims a lot of ground, situated in the suburb St. Mary, as having a right thereto in consequence of its being her paraphernal property. The title set up on the part of the defendants, is derived from the husband of the plaintiff. Judgment was rendered in her favor in the court below, from which the defendants appealed.

It appears from the testimony and documents of the case, that the husband of the plaintiff received a title to the lot in question for and on account of a sum of money, which was due to his wife from the succession of her father and mother, and which had been deposited in the hands of her aunt, who conveyed the lot in discharge thereof to her niece, through the agency of the husband of the latter.

From these facts a legal question is raised, whether the property thus acquired by the wife, be a part of the community of acquets and gains belonging to both her and

Eastern District.
June, 1830.

SAVENAT & AL
vs.
LE BRETON
AND AL.
her husband, or whether it constitutes a part of her separate estate, as being paraphernal.

This question must be decided according to the provisions of the Spanish laws, relating to rights which subsist in the marriage state between the parties to the matrimonial contract.

By these laws, every thing purchased during the marriage, fell into the common stock of gains, and at the death of either of of the parties, was to be divided equally between the survivor and the heirs of the deceased. And this effect was produced, whether purchases were made with the money or capital of the community, or with that of either of the married parties, whether in the name of both, or that of one of them separately. See *Febrero add. part.* 2, *lib.* 1, *chap.* 4, *sec.* 1, *no.* 6.

In the number immediately succeeding, several exceptions are stated to this rule, but neither of them directly embrace the situation of the plaintiff in the present case; although that which relates to the disposition of dotal property, should perhaps bring within its equity, any disposal of paraphernal estate.

Property inherited by either husband or wife, or which either of them acquired by donation separately, was considered by the Spanish laws as the separate and distinct goods of the acquirer.

Eastern District.
*June,* 1830.

SAVENAT & AL.
*vs.*
LE BRETON
AND AL.

If in the present case, the sum of money which the plaintiff inherited from her parents had been received by her or her husband for her, no doubt could be entertained of its making a part of her paraphernalia. And it seems to us that justice and equity require that the property received in lieu thereof, should have the same destination.

It is true, that a *donation in payment,* is similar to a sale; so is an exchange of property, *sid semele non est idem.* The rigor of the law which declares, that property acquired during marriage, shall be considered as common to both husband and wife, although purchased with the separate funds of one of them, is applicable only to acquisitions made by purchase, and does not necessarily include things which may be received by either of them in payment of money due to them on their separate and individual rights. This decision being made under the influence of the Spanish laws, has no relation to

Property conveyed to the husband in lieu of a sum of money inherited by the wife, is paradhernal.

The rigor of the law, which declares that property acquired during marriage, shall be considered as common to both husband & wife, although purchased with the separate funds of one of them, is ap-

Eastern District.
*June*, 1830.

SAVENRT & AL.
*vs.*
LE BRETON
AND AL.

plicable only to
acquisitions made
by purchase, and
does not neces-
sarily include
things which may
be received by
either of them,
in payment for
money due to
them in their se-
parate and indi-
vidual rights.

the doctrine of matrimonial rights, as estab-
lished by our *Codes*, which perhaps would be
more favorable to the claim of the plaintiff,
than the former laws.

We think the judgment of the court to be
correct. It is therefore ordered, adjudged,
and decreed, that it be affirmed with costs.