(xAblakd, J.
delivered the opinion of the court.
At the probate sale of the succession of Joseph Landry, the plaintiff became the purchaser for the use of the convent, of a tract of land having seven arpents front on the Mississippi Eiver, by the depth of forty arpents, situated in the parish of St. James, for the sum of $14,000; a portion of which was paid in cash, and two notes executed for the balance, one of which, the plaintiff refusing to pay, an order of seizure and sale was taken out by the defendants, and she enjoined the proceeding, alleging defects in the title to the property, apprehensions of disturbance and requiring as a preliminary to payment of the price, that security be given to indemnify the parties interested in case of eviction. As to the objection, that the sale is imperfect and insufficient, because not signed by the tutrix of the minor children of Joseph Landry, but by one of the major heirs as attorney in fact for his mother, we see no force *119 in it. "We know of no law that prohibits a tutrix from appointing an attorney in fact, to carry into effect any act of sale which she could legally execute. Besides, the act of sale was entirely unnecessary, as the adjudication of [193] the property by the probate judge, signed by him and the parties was sufficient to transfer the title. The act passed before the notary was unnecessary. La. Oode, art. 3601; 9 La. Bep. 180. There is no other objection to the title for five arpents front of the land, and so far as it respects that, the injunction must he dissolved and the plaintiff required to pay without any security being given.
The title to the remaining two arpents was derived from the succession of one Marin Labauve, and as it appears those two arpents front formed part of a larger tract sold to Joseph Landry and his brother Pierre, in 1797, and as it does not appear there ever was a partition between them or their heirs, it may be a sufficient reason to apprehend a disturbance and authorize the requirement of security. The legal title to an undivided half of the land was originally in Pierre Landry, as is acknowledged by the ancestor of the defendants, and as they show no partition, and minors appear to ho interested, we think they ought to he given to secure the plaintiff against the danger of eviction. La. Oode, art. 2535. The length of time that has elapsed renders the probability of a disturbance somewhat uncertain, hut we are not prepared to say that an action of partition would be prescribed.
The judgment of the district court is therefore annulled and reversed; and proceeding to give such judgment as in our opinion ought to have been rendered in the court below, we order, adjudge and decree, that the injunction granted in this case he maintained until the defendants in the injunction give bond and security to the satisfaction of the court, in the sum of three thousand dollars, conditioned to secure the plaintiff in the title to' the two arpents front of land, by forty in depth acquired from the succession of Marin Labauve, deceased, and indemnify them against eviction, upon the giving of which bond, the defendants are permitted to proceed upon their order of seizure and sale for the sum claimed, subject to a deduction of the sum of two thousand dollars paid on the 4th April, 1840, to Hildebert Landry, as appears by his [194] note in the record, the interest to be calculated accordingly; the costs of the injunction in the court below and of this appeal to he paid by the defendants and appellees.