Simon, J.
delivered the opinion of the court.
Plaintiff states that she inherited from her father the sum of $1100, which came into the hands of her tutor; that her said tutor being unable to pay over to her the said sum of money in cash, gave her in lieu of part thereof ($975) a lot of ground which she describes, situated in the town of Baton [298] Eouge, together with the buildings th'ereon erected. That being a married woman at- the time of the transfer of the property, she received the same with the authorization of her husband, and from the stipulations in the act of sale, the lot so received in payment became her paraphernal property, which she has always continued to administer as such. She further represents that by virtue of a writ of fi. fa. the defendants, who are judgment creditors of her husband, have caused the said property to be seized, and are about proceeding to sell the same. She prays for a writ of injunction to ari'est the sale of the lot and buildings, and that the same be declared to be her paraphernal property, not subject to the payment of the defendants’ claim, &c.
Defendants pleaded the general issue, and the district judge being of opinion that the lot of ground and buildin'gs thereon erected were the plaintiffs’ paraphernal and separate property, perpetuated the injunction. Brom which judgment, after an unsuccessful attempt to obtain a new trial, defendants appealed.
The evidence shows that the plaintiff x’eally i’eceived the lot of ground described in her petition, in part payment of the amount due her by her *183 tutor; aud that at the time of the transfer, there was an old building upon it; that subsequently certain improvements were made upon it, and a new house erected thereon, and that for the purpose of paying for the materials, workmanship and construction of the same, a sum of money was raised by mortgaging the premises. The act of mortgage recites that the appearers (husband and wife) are indebted to Jean Sans in the sum of $1000 for money and effects advanced to them to enable them to construct and erect the house in which they reside on the lot in question; for which they give to the mortgagee a written obligation payable one year after date, with interest, and which is secured by a special mortgage which the wife consents to give on her aforesaid property, &c. &c. There is no evidence that the amount of the note secured by the mortgage was overpaid; and if it was paid, that [299] it was so with the plaintiff’s funds. The improvements are also proven to be worth from $1500 to $2000.
A careful examination of the first question submitted to our consideration, has brought us to the conclusion that the judge a quo did not err in declaring the lot of ground with the building thereon standing at the time of the transfer to be the plaintiff’s paraphernal property; indeed, the evidence shows conclusively that she acquired it by virtue and in consequence of a elation en qoaiement made to her. by her tutor; he owed her a sum of money which never came into the hands of the husband, and which consequently never was put under his administration, and when, with the authorization of her said husband, she aocepted the transfer of the property, in lieu of the money, she did nothing but exercise her right of administering her paraphernal estate, and invest her paraphernal funds in the acquisition of real property.
It is true, as a general rule, that the law considers to be common property that which is acquired by the husband and wife during the marriage, although the purchase be only in the name of one of the two and not of both. La. Code, art. 2371; 10 La. Rep. 148. The reason is that in that cash, the period of time when the purchase is made, is alone attended to, and not the person who made it. But we are not ready to say that no distinction ought to be made, when the property is clearly shown to have been bought with the separate funds of one of the parties, and particularly with funds of the wife which never came under the administration of the husband. 1 La. Rep. 523. It is a well settled doctrine in our jurisprudence that money received during the marriage, even by the husband, on account of his wife, does not fall into the community, but remains her separate property. 7 Id. 292. According to art. 2361 of the La. Code, the wife has the right to administer personally her paraphernal property without the assistance of her husband; and by the art.. 2315, paraphernal is considered as the separate property of the wife. There necessarily results from these provisions of the law, a power al- [300] lowed to the wife to administer alone her paraphernal estate, as she pleases; and a right to alienate her separate property, and to invest her paraphernal funds in whatever manner she thinks proper and most advantageous to her interest, provided she does it with the authorization of her husband. She may even resume the administration of her extra dotal property, previously confided to her husband, and also demand restitution of what is *184 the object or price of it whenever she chooses. La. Oode, art. 2368; 8 Mart, hi. S. 228.
We must not, however, be understood as intimating that property purchased with the paraphernal funds of the wife, ought in all cases to be considered as her separate property: this takes place only as long as she keeps the administration of her separate estate, and when the title is taken in her own name, either as a purchase with the funds which she administers without the assistance of her husband, or as a dation en pedement made to her by the debtor of a separate and paraphernal claim; 1 La. Rep. S23. But if the purchase is made by the husband and in his name, the property, though bought with the funds of his wife, belongs to the community, and the price given constitutes in her favor a legal charge against said community. 10 Id. 180.
In support of the opinion above expressed, which establishes an exception to the general rule, that property acquired during the marriage by purchase, whether it be bought in the name of either husband or wife, becomes common to both, it may not be unimportant to remark that there are other exceptions contained in our laws whioh may also serve to show the relative effect of the rights of the spouses towards each other with regard to property acquired by either of them during the marriage with their respective funds: An immovable bought with the dotal funds, is dotal; and it is the same with respect to an immovable given in payment of a dowry settled in money. La. Oode, art. [301] 2336. A contract of sale between husband and wife is valid in certain cases, and the husband may during the marriage transfer property to his wife, whether separated or not, in payment of her rights, or for the replacing of her dotal and other effects alienated. La. Oode, art. 2421. Such property purchased or given in payment to the wife during the marriage, does not belong to the community; and we see no reason why, if she can acquire property from her husband in payment of her pecuniary rights, she should not have the right of receiving a dation en pedement from a stranger for her private benefit or to make purchases with her own separate funds.
Another important question in this case is whether the improvements made on plaintiff’s lot with funds proceeding from a loan obtained by mortgaging her property, belong to the owner of the soil who thus jeopardizes the loss of the lot itself for the advantage of its amelioration, or to the community. It is perfectly clear that, as the plaintiff has not shown that such improvements were paid for with ber separate funds, the circumstance of her having consented to mortgage her lot of ground to secure the price of the materials and construction cannot give her any right to claim them; they belong to and make a part of the community of acquets and gains. La Oode, art. 2371; 4 Mart. hi. S. 402. The act of mortgage shows that the debt was contracted by both; the note was signed by the two appearers, and its amount, if it has not already been paid, is necessarily a community debt, to be acquitted out of the common fund. La. Oode, 2372. Here, no attempt has been made to prove that the wife had any other means but what she received from her tutor, and this excludes the idea that the price of the improvements has been or will ever be paid out of her separate funds.
The law of legal partnership provides that when the hei’editary property *185 of either the husband or wife has been, improved during the marriage, the other spouse shall be entitled to the reward of one half of the value of the ameliorations, &c. La. Oode, 2377. This provision establishes one of [302] the rules under which the community is to he settled after its dissolution, and when the rights of the wife to such community are legally opened; but her right in the ameliorations made on her property is quite distinct from a right to the property. 4 Mart. 17. S. 212. Such right is eventual, and it is only after the dissolution of the community that each party is seized of an undivided half of the property composing the mass; until then, the husband may sell it, exchange it, or even give it away without her consent. The improvements in question, being, as we have already said, a part of the community of acquets and gains, are therefore subject to he seized and sold by the husband’s creditors, in satisfaction of debts contracted during the marriage.
We therefore think that the district judge erred in sustaining the injunction with respect to the improvements made on plaintiff’s lot since the purchase.
It is therefore ordered, adjudged and decreed, that the judgment of the district court he annulled, avoided and reversed; and proceeding to give such judgment as, in our opinion, ought to have been rendered in the court below: it is ordered, adjudged and decreed, that the injunction issued in this suit he made perpetual as to the lot of ground described in plaintiff’s petition; that said injunction be dissolved as to the buildings and improvements thereon erected, and that the defendants be authorized to levy and execute the writ of fi. fa. by them issued against plaintiff’s husband on the said buildings and improvements according to law, compensation being made to the plaintiff, by a regular and double estimation, for the value of the old building existing on her lot at the time she purchased it; and that the costs in the court below be paid by defendants and appellants, those in this court to be borne by plaintiff and appellee.