## ADELINE TERRELL v. ISAAC W. CUTRER, Syndic.

Parol evidence is admissible to prove that slaves, purchased by a married woman, were paid for out of her paraphernal funds, though not so stated in the act of sale. Such evidence is not repugnant to the deed.

A married woman having the right to resume, at any moment, the administration of her paraphernal property, it is unnecessary to prove that she had the actual administration at the time that she expended a part, with her husband's consent, in the purchase of other property, that act itself being one of administration.

Where the wife retains the administration of her paraphernal estate, and the title is taken in her name, either as a purchase with funds which she administers without the assistance of her husband, or as a *dation en payement* made to her by a debtor of a separate and paraphernal claim, the property remains paraphernal, and does not fall into the community of *acquêts et gains*.

A wife's right to reinvest the proceeds of paraphernal property sold by her, is but a corrollary of her right to administer, or to sell, or otherwise alienate it. Such contracts may be made by act *sous seign-privé*; no law requires that they should be made by authentic act.

APPEAL from the District Court of St. Tammany, *Jones*, J.

*Janin*, for the appellant, contended that a married woman who wishes to invest her separate funds in the purchase of property, must, in order to prevent its becoming a part of the community, declare by *notarial act* that she purchases for her sole account, and from what source she obtained the money given in payment.

*G. Strawbridge, contra.* It is enough that she take the title in her own name, provided she afterwards prove that the price was paid out of her own means. The purchase of separate property, may be made as well by private as by authentic act.

BULLARD, J. The plaintiff claims as her own property two slaves surrendered by her husband to his creditors, and the syndic is appellant from a judgment which recognizes her title.

The facts appear to be, that the plaintiff was entitled to a certain sum in the succession of her father, which constituted her paraphernal property. That this sum was received by her husband during the marriage ; and that in 1834 she purchased one of the slaves in her own name, of one Simmons, and that the other was purchased by her agent in Kentucky, in the year 1833; and that both were paid for out of the funds in the hands of her husband, derived from her father's estate.

On the trial, it was objected that parol evidence was inadmissible to prove that the slaves were purchased with paraphernal funds; and the defendant took a bill of exceptions to its admission notwithstanding his objections. It was objected to on the ground that such proof was against and beyond what was contained in the written contract, and could not be introduced without showing that the wife was in the actual administration of her paraphernal property.

The court, in our opinion, did not err in admitting the evidence. It does not appear to us that the evidence, that the price stated to have been paid, was in fact paid out of the proper funds of the wife, is repugnant to the deed itself; and as the wife has at any time the right of resuming the administration of her paraphernal property, and it belongs legally to her, we see no necessity for proving that she had the actual administration at the time that she appropriated a part of it to the purchase of the slaves, with her husband's consent. That act alone was one of administration, and was done with the consent of the husband. The bare receipt of the money by her husband, does not alone show that she had confided to him the administration. On the contrary a part of it was employed by her agent in Kentucky, under her orders, and was invested in the purchase of one of the slaves in dispute. If the slaves had died, and the wife had claimed of the syndic, as a debt due her, the amount derived from her father's estate, we think, under all the circumstances of this case, that she could not have recovered; because the investment of the amount by her, even during the marriage, would be considered as a valid contract. It is difficult to find any real distinction between this case and that of *Dominguez* v. *Lee*, 17 La., 300. In that case we held, that when the wife retains the administration of her paraphernal estate, and the title is taken in her name, either as a purchase with the funds which she administers without the assistance of her husband, or as a *dation en payment* made to her by a debtor of a separate and paraphernal claim, the property thus acquired remains paraphernal, and does not fall into the community of *acquêts et gains*.

We readily admit that the subject is not free from difficulties, growing out of the very general dispositions of the law applicable to such cases. The wife's right to sell, or otherwise alienate, and to administer her paraphernal property, is clear. Her right to

re-invest the proceeds of her property thus disposed of, would seem to be but a corollary from that principle. It would perhaps be a safe and proper precaution to require that such contracts should be by authentic act, as contended for by the defendant's counsel; but we are not aware that any law requires it, and we have never recognized its necessity to their validity. It is certainly of their essence that the wife herself should make the purchase legally, while in the administration of her paraphernal property, and that it should be a *bona fide* re-investment of money under her control, and forming a part of her paraphernal property, or a *dation en payement*. Such contracts, under private signature, might more readily be supposed to be antedated by collusion between husband and wife. But in the present case we see nothing suspicious. The purchases were made many years before the surrender by the husband, and so sar from his colluding with the wife, the slaves were placed on his bilan as his own property.

*Judgment affirmed.*