EMILY S. SMALLEY *v.* RICHARD J. LAWRENCE, Syndic of the Creditors of Abner Smalley, an Insolvent, and another.

After a demand in reconvention, the plaintiff cannot discontinue, and thereby deprive the defendant of his right to a judgment on his reconventional demand.  The plaintiff may dismiss his claim, but the defendant is entitled to presecute his demand.

In a contest between the creditors of a deceased husband and his widow, between whom there existed a community of gains, as to real property purchased during the marriage by the husband in the name of the wife, evidence of the declarations of of the husband that he had the receipts for the price made out in the name of his wife to screen the land from his creditors, is admissible.  *Per Curiam:*  The declarations are evidence to prove that the husband himself was acting fraudulently ; and, even on the supposition that he acted as the agent of his wife in making the purchase, she would be bound by his declarations.

All property acquired by either spouse, during the existence of the community of *acquets*, is presumed by law to belong to the community, and is liable for its debts. If the wife claim any property so acquired, as belonging to her individually, she must establish her pretensions by legal proof.  The fact of the title having been taken in her name, does not raise even a presumption in her favor.

APPEAL from the District Court of Concordia, *Curry*, J.

*Elam* and *Saunders*, for the appellant.

*Shaw*, for the defendants.

GARLAND, J.   The plaintiff represents, that she was the wife of the late Abner Smalley, who, in the year 1841, made a surrender of his property to his creditors, and that the defendant assumes to be the syndic of them.   She alleges that she is the owner of several tracts of land, described in the petition, which the aforesaid syndic, and the parish judge of Concordia, as auctioneer, are about to sell as property surrendered to the creditors, when in truth and in fact the same belongs to her, she having purchased them from the United States.   She avers, that these attempts to sell the land, in violation of her rights, have caused her damage, to the amount of $5,000.   She, therefore, prays that the aforesaid syndic, and James Dunlap, the parish judge, may be cited and cautioned not to sell, and that they also be restrained from so doing; but, if they should persist in acting so illegally, then she prays that the sale or sales may be declared null and void, and that said syndic and auctioneer pay her $5,000 damages; but should said defendants refrain from selling until her rights and claims can be decided, then she prays to be adjudged the legal owner of the premises, and quieted in her title.

The defendants for answer say, that A. Smalley, the late husband of the petitioner, made, in 1841, a surrender of all his property to his creditors, which has been accepted, and a syndic duly appointed.   That the lands claimed by plaintiff, were placed on the schedule of his property by said Smalley, and surrendered, and that they actually belonged to him; that he purchased them at the land sales from the United States; that he paid for them with his own money, and that the receipts were given and taken in the name of the plaintiff, for the purpose of screening the property from his creditors, said Smalley being at the time insolvent and intending to commit a fraud.   It is denied that the plaintiff ever purchased or paid for the land, or has any right to it; and the right, it is said, is vested in the said syndic.   It is further alleged that the plaintiff has possession of the premises, is cultivating and using them, and making crops

of cotton, corn, &c., from which she derives much profit, and that her interference in arresting the sale has caused great damage. Wherefore, it is prayed, that her suit be dismissed, that the syndic's right to the land be recognized, that he recover rents and profits, and damages for stopping the sale, &c.

During the pendency of the suit, the plaintiff married again; after one year from its commencement, she moved the court for leave to dismiss it, saying that the defendants had desisted from selling the land, and that she was in undisturbed possession. To this the syndic objected, on the ground, that he had set up demands in reconvention against her, and that she could not dismiss the suit, so far as he was concerned, without his consent. The court overruled the motion, and the parties proceeded to trial.

It was proved that the plaintiff and Abner Smalley were married, in August, 1839. At that time, all her property consisted of one horse, a bureau, some other moveables, and her clothes. It is not shown that during the marriage she ever received any money or property, from any source. In June, 1840, Abner Smalley attended the land sales at Monroe, Ouachita, and bid off the lands and paid for them, taking the receipts in the name of the plaintiff, without naming her as his wife. She was not at the sale at all. It is proved that he raised the money in New-Orleans, and that he told several persons that he had the receipts made out in that way, for the purpose of protecting the land from his creditors, who would, as he said, "jump on him," if it was in his name, and sell the lands at a sacrifice. Smalley had for several years previous to his marriage, resided on the land, and cultivated it. He had purchased the right of a man named Trusler, to a part of it, sometime before he entered it in his wife's name. The testimony is full as to these facts, and no attempt is made to show that the plaintiff ever furnished a cent to pay for the land. It is proved that a portion of the land is claimed, and that the plaintiff cultivates it; that the use of it, is worth $5 per acre annually; and that about ninety acres are in cultivation.

There was a judgment in favor of the syndic, decreeing that he recover of the plaintiff and her husband, the land sued for

Smalley v. Lawrence, Syndic, and another.

and described in the petition, and demanded in the answer, for the use and benefit of the creditors, and also, that, as syndic, he recover of the plaintiff four hundred and fifty dollars damages and costs. From this judgment she has appealed. The defendant prays us to affirm the judgment as to the land; but to amend it, so as to allow $1920 damages, for the illegal detention of the premises, for rents, &c.

The first question we are called on to decide, is, whether the court was correct in refusing to permit the plaintiff to dismiss the suit. We are of opinion that it decided correctly, so far as the syndic was concerned. He had set up demands in reconvention against the plaintiff, and she could not evade a decision upon them, by dismissing her suit. The court might have dismissed her part of the case, but not the other party's. We have had occasion during this term, in the case of *Coxe* v. *Downs*, (*ante* p. 133), to examine this question, and our opinions are, on this point, fully stated in that case. There would not have been any justice or propriety in permitting a dismissal of the suit, after it had been pending one year, during which time the plaintiff had had the use of the property, and the creditors were kept out of its proceeds, and thus to have enabled her to commence anew, and stop the sale a second time, whilst she continued to have the use and benefit of the land. That the judge did not permit her to dismiss her part of the case, has not caused her any injury, as the identical questions that were tried, were all that could have come up, except her claim for damages, to which the decision given shows that she was not entitled.

The next question is, upon the bill of exceptions taken to the opinion of the court below, overruling the objections to questions propounded to several witnesses, to ascertain from them what Smalley had told them about entering the land in the manner he did. We are of opinion that the court did not err in its decision. If we put the case in the most favorable aspect for the plaintiff, and assume that Smalley was acting as her agent in making the purchases, still she would be bound by his declarations. But these declarations were certainly good to prove that Smalley was himself acting fraudulently, in thus endeavoring te protect his property from the reach of his creditors. But with-

out them the evidence is very sufficient to sustain the judgment.

Upon the issues made up, we have not a doubt as to the correctness of the judgment. The land was purchased during the existence of the community, and, although the receipts or certificates are in the name of the wife, still the property as much belongs to the community as if it stood in the name of the husband, unless she can prove that the purchases were made with her own money, or the property given in payment of a debt owing to her in her own right. 1 Rob. 367. 17 La. 300. All property acquired by either spouse during the existence of the community, the law presumes to belong to it, and it is liable for the community debts. If the wife sets up a separate claim, she must make legal proof of it. The title being in her name, does not raise even a presumption in her favor.

As to the damages, we see nothing that induces us to alter the judgment. The rent allowed is perhaps a high one; but the evidence affords us no correct standard by which to fix it, and as there is no justice in the demand of the plaintiff, and since she has for a long time delayed the creditors by this suit, we will not disturb the judgment. The counsel for the syndic has asked us to amend the judgment here, and allow the rent of the premises since the appeal has been pending. That we do not feel authorized to do; and think it had better be settled in a separate suit, if the syndic thinks proper to prosecute one.

It is, therefore, ordered and decreed, that the judgment be affirmed, with costs; reserving to the defendant, as syndic of the creditors, his right to claim the rents and profits accruing since the rendition of the judgment appealed from, up to the time of delivery of the premises in question.