## Marie de la Conception Marianna Gonor *v.* Simon Gonor, her Husband.

Action by a wife for a separation of property, claiming a slave as paraphernal, and opposition by the creditors of the community. Plaintiff offered in evidence a notarial act of sale of the slave, in which the vendor acknowledged the receipt of a sum of money from the plaintiff, as the price. Plaintiff then offered parol evidence to prove that the transaction was in fact a *dation en payement*, and that the slave was given to plaintiff by her mother, as an advance upon her inheritance: *Held*, that the evidence was admissible to prove that the slave was acquired by the funds of the wife, and that, in this respect, it does not contradict the notarial act.

Under the Code of 1808, when a slave formed part of the paraphernal property of the wife, the issue of the slave was also parapernal. Code of 1808, book 3, tit. 5, arts. 50, 62; book 2, tit. 2, art. 4; book 3, tit. 3, art. 12. Under the Spanish laws, the issue belonged to the community of gains.

The Spanish laws, and the Codes of 1808 and 1825, agree in the general principle, that all property acquired by purchase during the marriage, whether in the name of the husband or wife, belongs to the community, (Febrero, part 2, book 1, ch. 4, §1, no. 6; Code of 1808, book 3, tit. 5, art. 64; C. C. 2371, 2374,) even where the purchase is made with the funds of the wife; but from this rule are excepted things received by either spouse, as a *dation en payement* of money due as a separate and individual right, or purchases made as a *bona fide* reinvestment of money under the wife's control, and forming part of her paraphernal property. Thus a *dation en payement* by a mother, made to the wife, as an advance upon her inheritance, is paraphernal.

Appeal from the District Court of St. Landry, *King*, J.

*Overton*, for the plaintiff.

*Martin*, *T. H.*, and *W. B. Lewis*, for the appellants, opposing creditors.

Bullard, J. This is a suit for separation of property, founded on the alleged disorder of the husband's affairs. The plaintiff claims, among other things, as her separate property, a mulattress, named Adelaide, and her descendants. She alleges that said slave was conveyed to her, in November, 1811*, by act before Pedesclaux, a notary, by her mother ; that although the consideration or price mentioned in the act was two hundred dollars, the estimated value of the girl, then aged only twelve years, yet the same was an advance made to her by her mother, and that, therefore, the slaves are her own separate paraphernal property.

---

* The plaintiff was married on the 6th of July preceding.

Fremont, Guidry and Roy, alleging themselves to be judgment creditors of the husband, as head of the community, intervened in the suit, and specially denied the title of the plaintiff to the slaves in question. Their intervention was rejected, and judgment having been rendered for the slaves, together with a sum of money, the creditors appealed.

On the trial the plaintiff gave in evidence a copy of the act of sale, passed before Pedesclaux, from her mother, the widow Vienne, to herself, and accepted by her husband, in which the vendor acknowledges to have received $200, the price, from the present plaintiff. Her counsel then offered in evidence the depositions of certain witnesses, taken under commission, to prove that the said sale, purporting to be for the price of two hundred dollars, previously paid by the purchaser, was, in fact, a *dation en payement*, and that the slave was given to the plaintiff, by her mother, as an advance upon her inheritance. The intervenors objected, on the ground that parol evidence is inadmissible to vary the nature of the written contract, or to show that the contract was not a sale, as upon its face it purports to be ; but the judge presiding admitted the evidence to prove that the slave was acquired with the funds of the wife, and a bill of exceptions was taken.

The question, whether the slave Adelaide and her increase are paraphernal, or belong to the community, must be decided according to the Code of 1808. That Code introduced, we think, some modifications of the Spanish law upon this point. In the case of *Ducrest* v. *Bijeau*, 8 Mart., N. S. 192, this court held that the increase of a female slave, constituting the paraphernal property of the wife, belongs to the community. That decision is fully sustained by the authorities referred to, and especially by Febrero ; but it arose before the Code of 1808. But the case of *Frederic* v. *Frederic*, 10 Martin, 188, was decided with reference to the Code of 1808, and the court then held, that a child, the issue of a paraphernal slave, follows the condition of the mother, and, as such, is paraphernal. The court in that case referred to page 332, art. 50, of the old Code, which speaks of the young of a dotal slave, and applied the same rule, by analogy, to the young of a paraphernal slave. In this position, we think,

that decision sustained under the Code, particularly by art. 4, page 102, which lays down the broad principle, that "all that is produced by a thing, whether moveable or immovable, belongs to the owner of that thing," and the young of slaves are particularly named. The Code also provides, that the husband, who enjoys the paraphernal property of the wife, is bound by all the obligations of an usufructuary, and it is clear that the young of slaves do not belong to the usufructuary. Page 334, art. 62 ; page 112, art. 12.

It only remains, then, to enquire whether Adelaide became, by the purchase, the sole property of the plaintiff, or that of community. The sale is in her name, and the vendor acknowledges that she paid the consideration.

The Spanish law, the Code of 1808, and the Code of 1825, agree in the general principle, that all property acquired by purchase during the marriage, whether in the name of the husband or of the wife, belongs to the community. 1 La. 522. Code of 1808, page 336, art. 64. Febrero, part 2, lib. 1, cap. iv. §1, no. 6. 10 La. 148.

This principle applies even when the purchase is made with the funds belonging to the wife. To this there was an exception, which the court recognised in the case of *Savenat et al.* v. *Le Breton et al.* (1 La., 522), of such things as may have been received by either of them, in payment of money due to them, as their separate and individual rights. A similar exception has been recognised by us, under the existing Code, particularly in the cases of *Domingues* v. *Lee*, 17 La., 300, and *Terrell* v. *Cutrer*, 1 Rob., 367.

In this last case, we said, that the purchase made by the wife should be a *bonâ fide* re-investment of money, under her control, and forming a part of her paraphernal property, or a *dation en payement.*

The case now before the court comes within the spirit of the exception, as existing under the Spanish law, as well as the Code of 1825. The act acknowledges that the plaintiff had paid the price. The parol evidence, which was properly admitted, (under the restriction expressed by the judge,) because it does not contradict the act in this respect, shows that Mrs·

Vienne, the mother, made to each of her children a similar advance. It does not appear ever to have been under the control of the husband; and there is no circumstance which creates the slightest suspicion as to the fairness of the transaction.

*Judgment affirmed.*