## R. C. CAMMACK *v.* M. H. DAUNIS.

Where the father had made a sale of property before the death of the mother of minor children, but the title was not completed until after her death, he being bound in law to make the title, the children have no claim for such property as belonging to the community.

The purchaser of property upon which there exists a tacit mortgage in favor of minors, of which he was not aware, and in consequence of which he apprehends an eviction, has a right to demand security against the danger of eviction before he can be compelled to pay the price. C. C. 2535.

APPEAL from the District Court of Lafourche, *Randall*, J. *Thibodeaux* and *Cole*, for plaintiff. *Winchester Hall*, for defendant. The judgment of the court was pronounced by

PRESTON, J. This suit is instituted upon two promissory notes given by the defendant for a tract of land situated in the parish of Terrebonne, and sold to him by *Nathaniel D. Chamberlin*, on the 12th of January, 1848.

The notes remained in the possession of the notary who passed the act of sale until the 30th of July, 1849, when they were taken possession of by the sheriff of the parish of Orleans, by virtue of an order of the Second District Court of New Orleans, as belonging to the succession of *Chamberlin*, the vendor of the land, he having departed this life. In the mean time they had been protested for non-payment, and are therefore held by the plaintiff subject to any equity between the vendor and vendee of the land for which they were given.

*Chamberlin* acquired the land from *Edwards Ogden* on the 1st of November, 1847. *Ogden* purchased it from *Ludovick Tanner* on the 31st of March, 1836. The wife of *Ogden* died in 1842. He opened her succession in the parish of Avoyelles, where they resided, and represented the land as belonging to the community of acquets which had existed between them.

In 1848, *Ogden*, as tutor of the minor heirs of his deceased wife, presented a petition to the district court for the parish, declaring that the community of acquets between him and her, was at her death, and was then insolvent, and prayed that a family meeting of the minors might be convened to give their advice and opinion as to the necessity of renouncing it on behalf of the minors. The family meeting gave their advice that it was for the interest of the minors to renounce the community. Their proceedings were approved and homologated by judgment, and the father and tutor authorized to make the renunciation. He neglected to do it formally, as required by article 1010 of the code before a notary and two witnesses.

He had, however, already sold the property out of which this controversy arises to *Chamberlin* in 1847, as has been stated. And we think these proceedings divest the minors of all equitable interest in the property ; for equity considers that done which ought to have been done. Besides, *Ogden* can make the formal act of renunciation at any time, and if, which is not to be supposed, he should refuse, the owners of the property can compel him to do so by suit, or obtain judgment perfecting their title.

The defendant, however, presents a more serious difficulty in opposition to the payment of his notes without security against eviction. He avers that there exists a tacit general mortgage on the tract of land conveyed to him in favor of the minor children of *Edwards Ogden*, a former proprietor of the land, for a sum of near twenty thousand dollars, and that he has great reason to fear that he will be evicted of the premises by virtue of that incumbrance.

It is rendered certain by the record, that the minor children of *Edwards Ogden* held property separate from their father. In 1843, he purchased a plantation and slaves for them, and, in 1844, made an arrangement to receive ten thousand dollars inherited from their grand-mother. For the faithful administration and restoration of their property, they have a tacit legal mortgage upon the real property he has owned since he became tutor of his children. The property sold by him to *Chamberlin*, and by *Chamberlin* to the defendant, is subject to this legal mortgage. Although it belonged to an insolvent community of acquets, to be renounced on behalf of the children, nothing shows that the creditors of the community have priority over the children as creditors of their father and tutor. They are equally creditors of the father individually, to whom the whole property belonged in consequence of divesting the interest of the children in the community of acquets. Until, therefore, *Ogden* settles with his children, or gives a special mortgage to secure their rights in lieu and extinguishment of the general tacit mortgage in their favor, the defendant is liable to be evicted of the property for which the notes sued upon were given by virtue of the legal mortgage in favor of *Ogden's* minor children. The defendant has just reason to fear this eviction, and under article 2535 of the Civil Code, is entitled to security against it before paying his notes.

It is therefore decreed, that the judgment of the district court be amended by adding that the plaintiff shall not take out execution on the same until he gives to the defendant good and solvent security in the amount of the judgment, exclusive of interest, conditioned that he shall refund that amount to the defendant in case he should be evicted of the property for which the notes were given by virtue of the legal mortgage in favor of the minor children of *Edwards Ogden*, or until their legal mortgage be cancelled; and that the plaintiff pay the costs of this appeal.