NARCISSE THIBODEAU *v.* DAMOUVILLE THIBODEAU, Administrator, et als.

Where a vendee gives a special mortgage to secure the payment of a portion of the purchase price of immovable property, he has the right to enjoin proceedings on an order of seizure and sale, where he has reason to fear that he will be evicted or disquieted in the possession of the land by the claim of a third party, until the danger of eviction shall cease, or until security is given against danger of loss by eviction; but if, after the injunction is obtained, the vendor's title is made perfect, he has no right to suspend payment longer, and the injunction will be dissolved.

APPEAL from the District Court, Parish of St. Martin, *Simon,* J. *DeBlanc & Fusilier,* for appellant. *Gary & Fournet,* for appellee.

The facts are stated in the opinion of the Court.

HYMAN, C. J. Plaintiff bought, at the sale of the property belonging to the succession of Leonard Thibodeau, deceased, a certain tract of land. He bought it for part in cash and part on credit, and gave a special mortgage on it to secure the payment of that part of the price that was on credit.

Damouville Thibodeau, the administrator of the succession, obtained an order of seizure and sale, which commanded the sheriff to seize and sell the land, to pay that part of the price (with interest thereon) for which it was sold on credit.

This order of seizure and sale, plaintiff in the above entitled suit enjoined, under the allegation that he had reason to fear that he would be disquieted in his possession of the land by the claim of a third party, and asked that judgment might be rendered authorizing the suspension of

payment of the credit part of the price, until the danger of eviction should cease, or until security be given against the danger of eviction.

Defendant answered that the fear alleged by plaintiff was groundless, and prayed that the injunction might be dissolved, with damages.

The District Judge rendered judgment in favor of plaintiff for the costs of suit, and the administrator has appealed.

Article 2536 of the Civil Code authorized plaintiff to suspend payment, if he had just reason to fear disquiet of his possession, by an action of mortgage, or by any other claim, until the cause of the fear ceased, unless security was given him against the supposed danger of disquiet.

The land belonged to the Government of the United States. After plaintiff had bought it, he went to the Land Office at Opelousas, to inquire into the title for the same, when he discovered that, although in the book of entry in the office, there was a statement that an entry of the land had been made by Jean Baptiste Huval, the author of plaintiff's vendor, yet the entry had been erased by cross-marks.

With no other information but this (and none other is proven satisfactorily); the plaintiff certainly had cause to believe that no title had passed from the Government to Huval, and had just reason to fear that he was liable to be disquieted in his possession of the land.

We think that the injunction was properly obtained ; but, since the institution of this suit, a patent has been issued to Huval, under the provisions of an Act of Congress of 24th April, 1820, entitled " An Act making further provisions for the sale of public land."

The patent thus issued makes the title complete in plaintiff against the Government. He has not shown by evidence any other cause to fear disquiet but that which has been removed, and he has not the right further to suspend payment.

He has made no deposit, as required by Art. 2537 of the Civil Code, to relieve him from the payment of interest.

It is decreed that the judgment of the District Court be avoided and reversed.

It is further decreed that the injunction granted in this case be dissolved, and that the sheriff be authorized to enforce the order of seizure and sale ; that there be judgment against defendant on his claim for damages; that defendant pay the costs of the District Court, and that plaintiff pay the costs of this appeal.