Ilsley, J.
The note upon which suit was brought in this case against one of the defendants, Dr. Mercier, as endorsee, was not protested at its maturity, nor was any notice of demand and non-payment ever given to him.
The plaintiff, however, relies upon the promise and agreement of the endorsee, Mercier, made previous to and after the maturity of the note, to pay it at all events if the drawer did not, provided it was not pror tested, as it would injure his credit if his name were protested.
The promise and agreement were permitted by the court below to be proved by parol; but such evidence was objected to by the endorsee, who took a bill of exceptions.
The evidence was not offered to prove a verbal agreement contemporar neous with the making of the endorsement, which would be, under- the commercial law, inadmissible. (Byley on Bills, p. 168, at top 76, margina.1 paging. Ed. of Sparswood, and authorities there cited, notes h and Í. Parson on Notes and Bills, vol. 2, page 501.) But to show a subsequent promise and agreement by which the endorser bound himself, if the note was not paid by the drawer,. h.e. would, if. it was not protested, hold himself liable for it al all events, and this was equivalent to a waiver of a demand and notice.
Such an agreement, under the rules peculiar to commerce, 2 N. S. 122, applicable in this case, may be proved by parol. 3 N. S. 268. In Fuller v. McDonald, 8 Greenl. 213, it was held “ that an agreement by an endorsee to waive a demand and notice may be proved by parol evidence. Bailey on Bills, page 244.
And an endorser's acknowledgment of his previous agreement, and promise to pay, made subsequently to the maturity of the note, may be made by parol, and unless an endorser was ignorant of his discharge from liability, and this is not the case here, his promise to pay so made would bind him. 3 N. S. 319.
The case of Ross v. McNeil, 1 Rob. 368, does not conflict with the doctrine now taught; and in McMahan & Grant v. Turnell, 16 La., there was *418 no absolute agreement, but mere negotiations for an agreement. In the ease at bar, there was an agreement which is clearly proved by parol, and although the amount in dispute exceed? five hundred dollars, the contract being a written one, and the testimony corroborative, sufficed.
The endorser waived or modified his right to insist upon a presentment for payment and notice of its refusal, and it may well be supposed that if these formalities were not complied with, the contract of the endorsee with whom the agreement - was made, was, in that particular, regulated by the agreement; and as was said in Bloffer v. Herman, 7 A. 659, “it would operate a fraud, if the endorser were afterwards permitted to avail himself of the omission.”
It is threfore ordered, adjudged and decreed that the judgment appealed from be affirmed, at the costs of the appellant.