No. 2121.—Mrs. Caroline Simmons v. A. S. Norwood, Sheriff, &c. and H. A. Battles.

On the trial of an injunction suit by the wife against the seizing creditor of her husband, a brother of the husband, a witness was asked by defendant on cross examination the following question : " What did your brother say to you in relation to the sale from him to Mrs. Bracy, (the donor) after it had been passed ?" Held—that the answer was properly excluded, on the ground that the husband could not make a disclosure against the interest of his wife.

In a controversy about the title to real estate which is attacked on the ground of simulation, any title, on its face translative of the property, is admissible as rebutting testimony against the charge.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Posey, J. W. F. Kernan* and *T. B. Lyons*, for plaintiff and appellee. *Cross & Hardee* and *Race, Foster & E. T. Merrick*, for defendants and appellants.

Howe, J. The plaintiff claiming to be the owner of certain property by donation from her foster mother, enjoined its sale under a writ of *fieri facias* issued against the property of her husband by the defendant Battles. It appeared that the property in dispute was conveyed by the husband, Simmons, to the foster mother, Mrs. Bracy, and by the latter transferred by donation to the plaintiff in injunction.

The answer, after denying that the plaintiff had any legal judgment of separation from her husband, alleged that the plaintiff held title by a base simulation ; that the sale by Simmons to Mrs. Bracy, and the donation by the latter were transparent disguises, intended by the parties to shield the proper'y from execution, and prayed that the injunction might be dissolved, with damages.

The case was tried before a jury, and verdict given for plaintiff. From a judgment rendered on this verdict the defendants, after an unsuccessful motion for a new trial, have appealed.

Our attention is first called to three bills of exceptions reserved by defendants on the trial. The first shows that the defendants propounded to a witness for plaintiff, a brother of her husband, upon cross examination, the following question : " What did your brother say to you in relation to the sale from him to Mrs. Bracy, after it had been passed." The plaintiff objected on the ground that the husband could not make a disclosure against the interests of his wife, and the court sustained the objection. We are not prepared to say that this ruling was erroneous. As a general rule the declarations of a husband can no more be admitted in a case of this sort than could his own testimony. Greenleaf on Ev. § 341.

But it is contended by defendants that such declarations may be received as part of the *res gestae*. It is true that some declarations may be where they are really part of the *res gestae* and are not violative of marital confidence. The cases of Averson *v*. Lord Kennard, 6 East. 188 ; Walton *v*. Greene, 1 Carrington & Payne 621 ; Gelchuel *v.* Bale, 8 Watts (Pa.), 355, are familiar illustrations. But in all these cases it will be found that the declarations of the husband or wife whether admitted for or against the interest of the other, were *res gestae*. The same appears to have been the case in Smalley *v*. Laurence, 9 Rob. 210. But we cannot go so far as to concede that the question objected to in this case was properly an inquiry in regard to *res gestae*. The witness is not shown to have been present *when* the sale was passed. What Mr. Simmons said *after* the sale, might have been said months and years after, and so, forming no part of those contemporaneous words which characterize and illustrate the principal act, might have misled the jury.

By the second bill of exceptions it appears that plaintiff offered an act of sale from Mrs. Bracy to C. C. Simmons, and parol testimony of Mrs. Bracy relating to such sale, to which the defendants objected on the ground that no such title had been asserted. The court thinking it would go to contradict the allegations of simulation made by defendants' answer, admitted the testimony. The defendants excepted on the ground that such evidence could only be received to rebut. We perceive no error in the ruling. Plaintiff was put on proof of the reality of the sale and donation. The testimony was relevant to the issue thus forced upon her, and we do not feel authorized to disturb a verdict merely upon a question as to the order of proof.

The last exception was reserved to a portion of the charge of the District Judge, in which at the request of plaintiff, he read to the jury the article 2455 of the Civil Code. The objection was that this article relates purely to delivery as between vendor and vendee, and has no application to what is required to complete a sale as to third persons. But the next document in the record shows that at the request of the defendant, the court charged the jury that if they believed from the

evidence that the property described in the act of sale was not delivered, the sale was not completed, so far as third persons are concerned. It seems quite certain that the latter of these instructions must have neutralized any supposed injurious effect produced by the former.

Upon the merits of the case we are not prepared to disturb the verdict of the jury, it not being so evidently contrary to law and evidence as to demand such action on the part of this court.

It is therefore ordered and adjudged that the judgment appealed from be affirmed with costs.