## No. 6188.

### MRS. BERTHA WHITEMAN vs. G. LEBLANC, SHERIFF, ET AL.

The question is whether the creditor of the community can seize the buildings and other improvements placed by the community on a plantation, the separate property of the wife, and sell the same previous to the dissolution of the community, separate and apart from the land whereon they are situated. The judge a quo erred in deciding affirmatively.

The buildings and improvements attached to the plantation constitute a part of the immovable, and can not be sold separately.

Where the separate property of the wife has been increased or improved during marriage, the husband or his heirs " shall be entitled to the reward of one-half of the value of the increase or the ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expenses, or industry." R. C. 2408.

Until the dissolution of the community the wife owes nothing for the augmentation of the value of her hereditary property by the common labor, expenses, or industry; and at the dissolution she will not owe for the cost of each piece of the improvements, but only for the augmentation of the value of the hereditary property resulting from the improvements created during marriage.

As the buildings seized by defendants do not belong to the community, nor the cost thereof, but to plaintiff, the owner of the soil, subject to the payment at the dissolution of the community of the enhanced value of her hereditary property by reason of said improvements erected thereon by the common labor, expenses, or industry, the court a qua erred in dissolving the injunction sued out by plaintiff. Her property can not be sold for the payment of the debts of her husband or the community.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Dewing, J. A. S. Herron* and *Edward Phillips*, for plaintiff and appellant. *Thomas B. Dupré* and *C. C. Bird*, for defendants and appellees.

WYLY, J. In this case the question is, can a creditor of the community

seize the buildings and other improvements placed by the community on the plantation, the separate property of the wife, and sell the same previous to a dissolution of the community, separate and apart from the land whereon they are situated ?   The court below held that he could, and plaintiff appeals.

We think the court erred.

The buildings and improvements attached to the plantation constitute a part of the immovable, and can not be sold separately.  Revised Code, 464, 504; 21 An. 324; 12 An. 227; 23 An. 749; 25 An. 434; 26 An. 349.

Where the separate property of the wife has been increased or improved during marriage, the husband or his heirs " shall be entitled to the reward of one half of the value of the increase or the ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expenses, or industry."  Revised Code, 2408.

" It can not be controverted that under the spirit of this article buildings and other improvements erected by the spouses during the marriage on the hereditary property of either belong necessarily at the dissolution of the community to the owner of the soil, in this sense, that he may keep them, and that he owes to the other spouse the recompense of one half of the value of the increase or ameliorations, to be ascertained by an estimation of the value which such improvements have added to the property."  Waggaman vs. Zachrie, 8 R. 182; 4 Rob. 279; 6 An. 634.

" Whatever right one of the spouses may have to claim a recompense from the other for funds of the community employed for the separate benefit and advantage of such spouse, either in the payment of his or her debts, contracted anterior to the marriage, or in the increase and improvement of the hereditary property of such spouse, this right can only be exercised at the dissolution of the community."  10 An. 308.

Until the dissolution of the community, the wife owes nothing for the augmentation of the value of her hereditary property by the common labor, expenses, or industry; and at the dissolution she will not owe for the cost of each piece of the improvements, but only for the augmentation of the value of the hereditary property resulting from the improvements erected during marriage.

As the buildings seized by defendants do not belong to the community, nor the cost thereof, but to plaintiff, the owner of the soil, subject to the payment at the dissolution of the community of the enhanced value of her hereditary property by reason of said improvements erected thereon by the common labor, expenses, or industry, we think the court erred in dissolving the injunction sued out by plaintiff.  Her property can not be sold for the payment of the debts of her husband or the community.

The case of Domingues vs. Lee, 17 La. 295, which recognizes the right

of a community creditor to sell the buildings erected on the hereditary property of the wife during the marriage, separate from the soil, is not supported by the case of Fricque vs. Hopkins, 4 N. S., 212, to which it refers; nor does it accord with the textual provisions of the articles of the Code to which we have referred, and the subsequent decisions of this court, especially the decision of Kelly vs. Robertson, 10 An. 208.

All that which becomes united to or incorporated with the property belongs to the owner of such property; and the ownership of the soil carries with it the ownership of all that is above and under it. Revised Code, articles 504, 505.

It is therefore ordered that the judgment herein be annulled, and it is decreed that the injunction herein be perpetuated with costs of both courts.