## VOLUME 133

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

· AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1912
AND
AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1913

(62 South. 160.)

No. 19,380.

BURSLEY v. RHEAMS.

(May 12, 1913.)

*(Syllabus by the Court.)*

1. INJUNCTION (§ 211*)—VENDOR AND PUR-
CHASER — ACTION FOR PURCHASE PRICE —
PRIOR JUDGMENT.

   Where a seizure under executory process,
to enforce payment of a balance due upon the
price of the property affected, is enjoined be-
cause of alleged defects in the title, and a judg-
ment, maintaining the injunction and decreeing
that such payment be suspended until the ven-
dor shall have given bond to secure the vendee
against eviction, becomes final, the proceeding
via executiva cannot thereafter be discontinued
to the prejudice of the rights of the plaintiff in
injunction, nor can the plaintiff in the proceed-
ing thereafter maintain an action via ordinaria
to enforce the payment thus suspended, without
having complied with the condition imposed by
the judgment.

   [Ed. Note.—For other cases, see Injunction,
Cent. Dig. § 434; Dec. Dig. § 211.*]

2. INJUNCTION (§ 211*)—VENDOR AND PUR-
CHASER — ACTION FOR PURCHASE PRICE —
PRIOR JUDGMENT.

   If it had been written in the contract, by
the parties themselves, that the vendee should

133 LA.—1

not be bound to pay the balance of the price
until the vendor should give bond to secure him
against eviction, the vendor would have had no
reason to complain of the enforcement of the
stipulation, and he has no better reason to com-
plain because the stipulation has been so writ-
ten by the law, and by a final judgment of a
competent court, rendered contradictorily be-
tween him and the vendee. If he is unable to
give the bond, he has his remedy.

   [Ed. Note.—For other cases, see Injunction,
Cent. Dig. § 434; Dec. Dig. § 211.*]

Appeal from Twenty-Eighth Judicial Dis-
trict Court, Parish of Jefferson; Prentice
E. Edrington, Judge.

Action by Robert A. Bursley against Wil-
liam C. Rheams. From judgment for defend-
ant, plaintiff appeals. Affirmed.

Robert J. Perkins and L. De Poorter, both
of New Orleans, for appellant. Alfred E.
Billings, of New Orleans, for appellee.

### Statement of the Case.

MONROE, J. Plaintiff prosecutes this ap-
peal from a judgment maintaining certain ex-
ceptions and dismissing this suit. He alleges

that in 1905 he sold and delivered to defendant a certain half square of ground, with the buildings and improvements thereon, for $2,-500, of which $1,000 was paid in cash, and for the balance of which defendant gave three notes, of $500 each, secured by mortgage, that defendant obligated himself to keep the buildings insured and to transfer the policies to the holders of the notes, and was bound, by law, to pay the taxes, but that he failed to discharge these obligations, and that petitioner expended $150 in the payment of premiums of insurance and $300 in the payment of taxes, that defendant also failed to pay his notes at maturity, and that petitioner is entitled to have the sale resolved and rescinded. He further alleges that defendant has enjoyed possession of the property since June 14, 1905; that its rental value is $30 per month, and that the amounts due to petitioner, on that account and in reimbursement of the taxes and premiums of insurance paid, far exceed the $1,000 received by him in part payment of the purchase price, and render it unnecessary that he should make a tender of said amount. Wherefore he prays for judgment, resolving the sale and condemning defendant to surrender the property, account for the revenues, and reimburse said expenditures. Defendant filed exceptions of no right and no cause of action and want of tender, and, further excepting, alleged that this suit is premature:

"Because, in the suit entitled Robert A. Bursley v. Wm. A. Rheams, No. 778, * * * judgment was rendered in favor of exceptor and against plaintiff herein, in which it was decreed that payment of the credit price of the property * * * as represented by the three promissory notes, * * * be suspended until such time as plaintiff should give bond * * * in the sum of $2,500, to indemnify exceptor from eviction from said property, and that said judgment was not appealed from, and all delays for an appeal have elapsed, and said judgment is final, * * * and said bond has not been given by plaintiff, and until such bond shall be given the amount of said notes is not due and demandable, and until said amount shall have become due and demandable, and until thereafter exceptor shall have refused and neglected to pay the same, plaintiff is without right to sue for the dissolution of the sale." etc.

The record No. 778 was offered in evidence, and shows that plaintiff, having proceeded, via executiva, to enforce payment of the notes referred to in his present petition, was met by an injunction, sued out on the ground that the title to the property, in part payment of the price of which the notes had been given, was defective; that on October 30, 1908, there was judgment for plaintiff, in injunction, as alleged in the exception, decreeing:

"That payment of the balance of the price claimed as due, in the petition for executory process herein, be suspended and the injunction herein issued be maintained and perpetuated until defendant in injunction, Robert A. Bursley, gives bond and security, to the satisfaction of the court, in the sum of $2,500, conditioned to secure plaintiff in injunction. * * *" etc.

It is conceded that no appeal was taken from the judgment so rendered, and that the bond called for thereby has not been given. It appears, however, that more than three years later, and after the exception of prematurity based on the judgment therein rendered had been filed in the present case, the plaintiff in the executory proceeding filed a motion to discontinue the same.

### Opinion.

The motion to discontinue the proceeding via executiva, filed after the judgment maintaining the injunction had become final, could not, of course, deprive the plaintiff in injunction of any of his rights under that judgment, the effect of which was, and is, to determine judicially and finally, as between the plaintiff and the defendant herein, that the latter is not in default with respect to the payment of the notes given by him, and will be under no legal obligation to pay them until the plaintiff shall have furnished a bond, as required by said judgment, to secure him against his eviction from the property in controversy; from which it follows that

plaintiff has no present right of action for the resolution of the sale on account of the nonpayment of said notes. C. P. 491; Coxe v. Downs, 9 Rob. 133; Smalley v. Lawrence, 9 Rob. 213; Ludwig v. Kohlman, 5 La. Ann. 300; Barrow v. Robichaux, 15 La. Ann. 71; Verges v. Gonzales, 33 La. Ann. 415; Davis v. Young, 35 La. Ann. 740; C. C. 2557, 2561; Hardy v. Landry, 17 La. 193; Hardy v. Landry, 17 La. 191; Cammack v. Daunis, 6 La. Ann. 117; Thibodeau v. Thibodeau, 18 La. Ann. 609.

Counsel for plaintiff suggests that:

"It would be inequitable to permit a vendee to retain both the property and the price, as defendant seeks to do in the case at bar."

The answer is that, if it had been written in the contract by the parties themselves, that the vendee should not be bound to pay the balance of the price until the vendor should give bond to secure him against eviction, the vendor would have no reason to complain of the enforcement of that stipulation; and he has no better reason to complain because the stipulation has been so written by the law, and by a final judgment of a competent court, rendered contradictorily with the parties in interest. C. C. art. 2557. If he is unable to give the bond, he has his remedy. C. C. art. 2558.

The judgment appealed from is affirmed.