WESTERN DIS.
September,1841.

COMEAU vs. FONTENOT.

COMEAU
vs.
FONTENOT.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF
ST. LANDRY, THE JUDGE OF THE SEVENTH PRESIDING.

Property purchased during marriage by the husband, in his name, though bought with the funds of the wife, belongs to the community. So a slave received by the husband, in his own name, in discharge of a sum, which the wife inherited, is community property, as likewise her increase after the sale.

It has been held, that property acquired by the wife, as a *dation en paiement*, made to her by her tutor, and which never came under the administration of her husband, constitutes her separate or paraphernal property.

This is a suit for a separation of property, instituted by the wife against her husband.

She alleges, that during her marriage, among other property of hers, received by her husband, was a negro woman named Rose, which her husband received from her mother, who was owing her $750. She further shows, that Rose has now seven children, and that they are all her paraphernal property; the mother being inherited by her and received by her husband, who had the administration of this and all her other paraphernal property. That his affairs are fast going to ruin, and he will squander and waste her property : Wherefore she prays for a judgment of separation of all her paraphernal property from that of her husband ; and especially she claims Rose and all her children as such.

The defendent pleaded a general denial. The evidence showed, that the husband received Rose, and she was conveyed to him by a notarial act from the mother of plaintiff for the sum of $750, due her as part of her inheritance. He had the administration of all the property as head of the community, and had actually sold one of the children of the slave Rose, born since the sale to him.

The plaintiff had judgment for $894, and was declared separated in property from her husband ; the court regarding

the slave Rose and her increase as community property. The plaintiff appealed.

*Martin*, for the plaintiff and appellant, contended, that the slave Rose was the separate property of the wife, having been received as a *dation en paiement* of her inheritance. 17 La. Rep., 295.

*T. H. & W. B. Lewis*, for the defendant, maintained, that property purchased with the funds of the wife, belonged to the community, when it was acquired and administered by the husband. It is only, where the property is purchased with the funds and acquired by the wife, and when she administers it, that it is her separate paraphernalia. 10 La. Rep., 148, 172; 12 Idem, 170 ; La. Code, 2371.

*Bullard, J.* delivered the opinion of the court.

The question presented for our solution in this case is, whether the slave Rose and her children are the separate property of the plaintiff, or whether they belong to the community. The defendant received her in discharge of a sum of $750, to which the wife was entitled by inheritance, and which sum formed consequently a part of her paraphernal property. The conveyance of the slave was to the husband, without the concurrence of the wife, and it appears, that he had the administration of her paraphernalia. Since the acquisition of her, she had several children, one of whom, it appears, has been alienated by the husband, and for whose value she also asks a judgment.

We cannot distinguish this case from that reported in the 10th La. Reports, 180, in which we held, that property purchased during the marriage by the husband, and in his name, though bought with the funds of the wife, belongs to the community. In the case of Domingues vs. Lee et al., 17 La. Rep., 295, we ruled, it is true, .that property acquired by the wife by a *dation en paiement*, made to her ·by her tutor, and

which never came under the husband's administration, still constitutes her separate or paraphernal property. The two cases are quite distinct. In the one the husband, employing a fund belonging to the wife, in the purchase of property in his own name, without her consent, becomes the owner as head of the community, and owes to his wife the amount thus employed. In the other the wife, who has retained the administration of her paraphernal property, employs it herself in the acquisition of other property, with his consent, or receives a *dation en paiement* from her own debtor. Such was also the case reported in the 1st La. Rep., 523, and in several others, to which our attention has been called by the defendant's counsel. We are by no means satisfied, that those judgments were erroneous. The contrary doctrine might lead to great injustice. Suppose, the slave Rose, purchased with the funds inherited by the wife, instead of becoming the mother of several children, had died? According to the argument of the plaintiff, this loss would have fallen upon her, although the purchase had been made, without her consent, by her husband, who had taken upon himself, and was responsible for the administration of her paraphernal estate.

It is therefore ordered and decreed that the judgment of the District Court be affirmed with costs.