## C. E. METCALF v. J. S. CLARK—MARGARET B. CLARK, opponent.

Property purchased with the paraphernal funds of the wife is her separate property—and not liable for the debts of the community.

It is not necessary that an investment of paraphernal funds in the name of the wife should appear, as such, in the act by which the property is acquired. The wife, in all cases, would be bound to show the reality of the sale to her *dehors* the act—and the same proof would be necessary in order to make the acknowledgment in the act binding upon her.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *A. N. Ogden*, for plaintiff and appellant. *Haynes* and *Rand*, for defendants.

VOORHIES, J.* *Margaret B. Sprout*, wife of the defendant, and her sister *Mary Ann Sprout*, claiming the ownership of the lots of ground seized in this case, as the the property of the defendant, have enjoined the sale.

By agreement of the parties in the record, the contestation is limited to the claim of *Mrs. Clark*. From the judgment rendered in her favor perpetuating the injunction, the plaintiff has appealed.

The property in controversy was purchased by *Mrs. Clark* and her sister, *Mary Ann Sprout*, through the agency of *Charles H. Kellogg*, from the estate of *Robert Layton*, of whose last will *Judge Preston* was one of the executors, for the price of $3010, partly in cash and partly on terms of credit. This sum it is proved, was paid out of the share inherited by the vendees from the estate of *James Brown*, of whose last will *Judge Preston* was also the executor. Thus it is shown that the paraphernal funds of *Mrs. Clark*, with which her share of the price was paid, never came into the possession of her husband.

---

* OGDEN, J., did not sit in this case, having been of counsel when the case was submitted.

Assuming it -to be proved that the price was paid out of her paraphernal funds, yet it is contended by the plaintiff that, as regards creditors, she has no right to claim the property as her separate property, and that it is consequently liable to seizure for the debts contracted by the husband as the head and master of the community. We do not think so—but, on the contrary, consider the reverse as settled by our jurisprudence.

In *Dominguez* v. *Lee et al*, 17 L. R. 295, which is one of the leading cases on the subject, the learned Judge, who delivered the opinion of the Court, remarked: "It is true, as a general rule, that the law considers to be common property that which is acquired by the husband and wife during the marriage, although the purchase be only in the name of ône of the two, and not of both. C. C, 2371 ; 10 L. R, 148. The reason is that, in that case, the period of time when the purchase is made is alone attended to, and not the person who made it. But we are not ready to say that no distinction ought to be made when the property is clearly shown to have been bought with the separate funds of one of the parties, and particularly with funds of the wife which never came under the administration of the husband. 1 L. R, 523. It is a well settled doctrine in our jurisprudence, that money received during the marriage, even by the husband on account of the wife, does not fall in the community, but remains her separate property, 7 L. R, 292. According to article 2363 of the Louisiana Code, the wife has the right to administer her paraphernal property, without the assistance of her husband; and by article 2315, paraphernal property is considered as the separate property of the wife. There necessarily results from these provisions of the law a power allowed to the wife to administer alone her paraphernal estate, as she pleases ; and a right to alienate her separate property and to invest her paraphernal funds in whatever manner she thinks proper and most advantagnous to her interest, provided she does it with the authorization of her husband."

The next is the case of *Terrell* v. *Outrer*, 1 R. R, 367, in which the same principle is not only affirmed, but extended further in favor of the wife. In that case the husband was in possession of the paraphernal funds of the wife, which he applied to the payment of the price of the property conveyed to her. The Court held, that as the wife has at any time the right to resume the administration of her paraphernal property, there was no necessity to prove that she had the actual administration at the time she appropriated part of it to the purchase of the slave with her husband's consent. That act alone was one of administration, and was done with the consent of the husband."

The same doctrine was again affirmed in other cases. See 4 R. R, 194 ; 2 An. 930 ; 5 An. 611. A careful consideration of the different provisions of our Code on the subject, would, it seems to us, remove any doubt on our minds, if any existed, as to the correctness of the principle thus settled by our predecessors. Under article 2421 of our Code, a contract of sale between husband and wife is declared to be valid, "when the transfer to the wife, even though not separated, has a legitimate cause, as the replacing of her dotal or *other effects alienated*." If the paraphernal funds of the. wife may be thus invested in regard to the husband, we are at a loss to discover why the same rule should not be applicable to all cases.

But it is urged that the investment of the paraphernal funds should be expressed in the act by which the wife acquires the property. The objection does not appear to us to be founded in law. In regard to creditors, such a statement

METCALF
*v.*
CLARK.

would of itself be without effect, except in giving notice to third persons. But as the husband is the head and master of the community, having alone the administration, a purchase in the name of the wife would not be in the usual course of business, and consequently would be sufficient to put third persons upon enquiry. As this rule seems to be applicable to promissory notes signed by the wife, we see no reason why it should not be equally applicable to other contracts entered into by her. The wife, if required, would be bound in all cases to establish the reality of the sale to her *dehors* the act; and the same proof would also be necessary in order to make her acknowledgment in the act binding upon her.

We deem it unnecessary to determine whether the wife could purchase on credit; as, it suffices to say, that she had then under her separate administration sufficient funds of her own with which the price of the property has been paid. As the evidence in the record would, in our opinion, bind her, if the property had diminished in value, or totally perished, it is but just to conclude that she should be entitled to hold it in her own right as an investment of her paraphernal funds.

Considering this as one of the cases in which creditors have a right to enquire into the validity of the wife's title, and no malice is shown, we are of opinion that the appellee is not entitled to the damages claimed by her.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court below be affirmed, with costs in both Courts.