### Elizabeth Percy v. C. E. Percy, Administrator.

The law of the place where, at the time of the marriage, the parties intend to fix the matrimonial domicil, governs the rights resulting from that marriage, where the intention is unequivocally ascertained and supported by a subsequent removal to the place contemplated, within a reasonable time.

Where, at the time of marriage in Mississippi, the spouses contemplated removing, and shortly after did remove to Louisiana, the slaves of the wife, owned in Mississippi at the time of the marriage, were held to be paraphernal property. And a slave received by the wife in Mississippi, in exchange for one owned by her at the time of the marriage, was also held to be paraphernal. But where the husband exchanged one of the wife's paraphernal slaves and received title in his own name, the slave received was held to be community property, and the price chargeable to the community.

APPEAL from the District Court of West Feliciana, *Stirling*, J.

*Brewer & Collins*, for plaintiff. *C. Ratliff*, for defendant and appellant.

SLIDELL, C. J. Mrs. *Percy* was married in Natchez in June 1833, to Dr. *Percy*. He was at that time domiciled in Louisiana, where he was born and reared; and owned a tract of land in Louisiana, to which he took his wife in 1834, and on which they lived until his death. The proof is full, and entirely satisfactory, that the parties entertained at the time of their marriage the well

settled intention of living in Louisiana, and carried this intention into effect as soon afterwards as they conveniently could. At the time of the marriage, several of her slaves were hired out in Mississippi for the year. Her furniture was packed up soon after her marriage, for the purpose of transportation; and they took lodgings at a hotel in Natchez, during the interval necessarily employed in making preparations for the wife's new home, and the withdrawal of her property from Mississippi.

The case is, therefore, brought by the evidence within the operation of the well settled principle, that the law of the place where, at the time of the marriage, the parties intend to fix the matrimonial domicil, governs the rights resulting from that marriage, when the intention is unequivocally ascertained, and supported by a subsequent removal to the place contemplated within a reasonable time. See *Hayden* v. *Nutt*, 4th Annual 65, and authorities there cited.

The District Judge, therefore, did not err in putting on the same footing, as paraphernal, both the slaves she had in possession in Mississippi at the time of the marriage, and those which came into her possession under the will of her first husband, after she removed to Louisiana.

Nor did the court err in treating as paraphernal, a slave given to Mrs. *Percy* in her own name, by her mother, in Mississippi, in exchange for a slave which was paraphernal.

We think, however, the court erred in treating as paraphernal, the slave *Eliza* and her issue *Mary*, and other children since born, because that slave was bought by a bill of sale in Mississippi in the husband's name, although acquired in exchange for a slave belonging to Mrs. *Percy*. The community must be charged in favor of Mrs. *Percy* with $750, the price of *Eliza* and child. Claiming the benefit of our laws respecting paraphernal and community property, the plaintiff must take it with its qualifications.

We also think the court erred in not charging the community with $500, the value of the slave *Shadrach*, the paraphernal property of Mrs. *Percy*, sold by her husband.

For the above amount, she is entitled to a tacit mortgage, the date of which the evidence does not enable us to state with precision.

It is therefore decreed, that the judgment of the District Court be affirmed, so far as it decrees all the property in said decree mentioned to be paraphernal, and awards hire therefor, except only as to the slave *Eliza* and her issue, *Mary*, *Francis*, *Celeste*, *Aaron* and *Green*, which are now adjudged to belong to the community of acquets and gains which existed between the said plaintiff and her said husband *Thomas B. Percy*. And it is further decreed, that the said community is indebted to the said plaintiff in the sum of $750, for the price of the said slave *Eliza* and her child *Mary*, and in the further sum of $500 for the value of said slave *Shadrach*, sold by said husband, with tacit mortgage, and with interest on said sums from the death of said husband; and that for the purpose of ascertaining the date of said tacit mortgage and making a proper reduction from the amount awarded by the court below for hire, and other necessary proceedings, this cause be remanded. The costs of the appeal to be paid by the plaintiff; and those of the suit in the court below, to be paid by the said administrator.