ELIZABETH WILSON *v.* MOSES HENDRY et al.

When the wife in opposition to a creditor of the husband, in whose favor she had made a formal re-
nunciation, claimed the property mortgaged by him as her separate property—*Held :* that a con-
veyance of the property to the wife, by act under private signature, not recorded, in which the
consideration of the transfer was stated to be a partial payment of the amount due to the wife
from her father's succession, without its being shown where the father's succession was opened, or
what amount the wife was entitled to inherit, was insufficient to rebut the legal presumption of
title in the community.

APPEAL from the District Court of Tensas, *Farrar,* J.
L. V. *Reeves,* for plaintiff and appellant. *Thomas P. Farrar,* for defen-
dants.

VOORHIES, J. On the 1st of January, 1855, *William C. Wilson,* the hus-
band of the plaintiff, executed a mortgage in favor of the defendant, *Moses
Hendry,* on a slave named *Jane,* and other property, to secure the payment of
a promissory note for the sum of $1150; in which act the plaintiff made a for-
mal renunciation of her right of mortgage.

The execution of a writ of seizure and sale, obtained by the defendant on
this mortgage, was enjoined by the plaintiff in so far as the same related to the
slave *Jane,* whom she claimed as her paraphernal property, alleging that she
had acquired said slave by inheritance from her deceased father's succession, on
the 6th of February, 1850, as evidenced by a transfer to her of that date.

The injunction was dissolved without damages, and she appealed.

Our examination of the evidence has brought us to the conclusion that there
is no error in the judgment of the court below. An act under private signature,
dated the 6th of February, 1850, purporting to be a conveyance of the slave *Jane*
from *Sarah Moore* and her husband, *David Gay,* to the plaintiff for the price
of $650, in part payment of the amount due to the latter from her father's suc-
cession, and which does not appear to have ever been recorded, appears to be
the only evidence of title in the plaintiff. Nothing shows when or where her
father's succession was opened, nor the amount which she was entitled to in-
herit. This conveyance to her, standing alone, is clearly insufficient, under the
well settled jurisprudence on the subject, to rebut the legal presumption of title
in the community to said property. C. C. 2335; 5 An. 368.

In *Wiley* v. *Hunter and wife,* 2 An. 806, where the property mortgaged by
the husband to the plaintiff, was conveyed to the wife by her brothers and
sisters, and urged as a *dation en paiement* for her share of her mother's succes-
sion, her failure to make proof of what that share was, the court held to be fatal
to her pretensions. We do not apprehend this to be in opposition to the doc-
trine of the cases quoted by the appellant's counsel in 1 La. 522; 17 La. 296;
1 Rob. 367; 4 Rob. 115; 2 An. 930, and 5 An. 741, 116.

Under the peculiar circumstances of this case, we do not think justice re-
quires that the appellant should be mulcted in damages, as claimed by the ap-
pellee; neither can we allow him any more than the highest rate of conventional
interest to which he is entitled under the judgment.

It is, therefore, ordered and decreed, that the judgment of the court below be
affirmed, with costs.