UNITED STATES *v.* BOULIGNY.

(*Circuit Court, E. D. Louisiana.* April 26, 1890.)

HUSBAND AND WIFE—COMMUNITY PROPERTY.

> A wife having inherited money, and the community being indebted to her, her husband, in payment of such debt, conveyed certain land to her. This land was afterwards exchanged for another piece of land, title to which was made to the husband, though afterwards husband and wife, and the person with whom the exchange had been made, united in a notarial act, declaring that the transfer was intended to have been to the wife, and that the land transferred was exchanged for her paraphernal estate. *Held,* that the land belonged to the community, and was subject to a writ against the husband.

*F. L. Richardson,* for intervenor and Mrs. Judice, third opponent.
*Wm. Grant,* U. S. Atty.

BILLINGS, J. The facts are as follows: The third opponent claims the property, which is immovable, on the ground that it is her paraphernal estate. The evidence shows that she had inherited money; that the community was indebted to her; and that, in payment of her debt, the husband conveyed to her a piece of real property. This property she, in connection with her husband, exchanged for another piece, which is the property seized herein. In the conveyance through which the exchange was effected the title to the land seized was made to the husband alone. Subsequently the third opponent and her husband, and the party with whom the exchange had been made, united in a notarial act, declaring that the transfer of the piece of property seized herein was intended to have been to the wife, and that it was exchanged for her paraphernal property. Upon these facts, the real estate in question belongs to the community, and is subject to the writ against the husband. *Comeau* v. *Fontenot,* 19 La. 406; *Percy* v. *Percy,* 9 La. Ann. 185. The general principle of our law is that, if a purchase be made by the husband in his own name, the property, though bought with the wife's funds, belongs to the community, and the price or value constitutes a legal debt in her favor against the community. See 1 Hen. Dig. tit. "Marriage," XIII. (b,) 2, par. 10, (p. 883.) The two cases referred to above show that this principle applies and controls in case of an exchange. There must be judgment against the third opponent, and in favor of plaintiff, without prejudice to her right to claim a lien and privilege upon the proceeds arising from the sale of the property.