HAMITER, Justice.
 

 Plaintiff, Leah Calmes Janney, is appealing from a judgment which decreed “that'
 
 *381
 
 the plea of equitable and judicial estoppel filed on behalf of the defendant, Cecile Schultz Calmes, be sustained and accordingly, that the demands of plaintiff be rejected and the suit dismissed at the cost of plaintiff.” Hence, the brief of counsel for the named defendant correctly states that, “The sole issue presented by this devolutive appeal * * * is whether the lower court was justified lawfully in dismissing the suit on pleas of equitable and judicial estoppel * *
 

 Although there are four defendants cited in the cause, the mentioned pleas of estoppel were offered and urged only by Cecil'e Schultz Calmes. Moreover, no evidence was introduced in support of those pleas, not even the records in the two other judicial proceedings on which they are predicated, viz., Succession of James F. Calmes, Probate No. 4670, and In re Judicial .Liquidation of Calmes Construction Company, No. 22,758, both on the docket of the district court of East Baton líouge Parish. In passing upon the pleas of estoppel, therefore, we must accept as true the allegations of fact of - plaintiff’s petition, and, further, ascertain the contents of the mentioned separate proceedings (copies thereof are not in the record before us) from the briefs of counsel and from the trial judge’s written opinion.
 

 From those documents we find that James F. Calmes was married three times. His first marriage was to Edith Felder, but from her he was divorced in 1914. Of this union there was born Catherine Calmes who is presently the wife of Henry Doherty.
 

 On February 22, 1917, he married Rachel Hague, and to them was born one child, Leah Calmes (now Mrs. Clifford G. Janney), who is the plaintiff and appellant herein. The date of her birth was March 14, 1922. This marriage, during which considerable community property was accumulated, terminated by the death of the wife, Rachel Hague, on March 3, 1936. Notwithstanding that Leah was then a minor, only 14 years of age, her father never obtained the appointment of a tutor for her or caused the making of an inventory and an appraisement of her mother’s estate.
 

 The third marriage of James F. Calmes was to the defendant herein, Cecile Schultz, it occurring on October 16, 1937, and there were no children of this union. Neither before nor after the marriage did he make an accounting to plaintiff of her mother’s estate; to the contrary he proceeded to use and dispose of the property thereof just as if it were his own.
 

 While married to Cecile Schultz, James F. Calmes departed this life. Whereupon the named widow, joined by plaintiff and Catherine Calmes Doherty (child of the first marriage), caused the opening of his succession and an administration of the property of which he died possessed. As to the judicial proceedings undertaken by those persons, which form the basis for the pleas of estoppel, we must quote from the written
 
 *382
 
 opinion of the trial judge to whom they were accessible; for, as before stated, they are not a part of the record before us. Therein it is said.:
 

 “Equitable and Judicial Estoppel
 

 “This exception presents a question seriously touching plaintiff’s right to prosecute this action.
 

 “Reference to the proceedings had in the matter of the Succession of James F. Calmes, deceased, No. 4670 of the Probate Docket of this Court shows that the succession was administered by Jesse E. LeBlanc. The administrator was expressly relieved by the widow and heirs from the filing of a final account, and on joint petition with the administrator were placed in possession of the assets of the deceased. In this joint petition, after reciting just what the surviving widow and heirs were entitled to out of the assets of the succession after the payment of debts, they represented that the property left by the decedent belonged to the community existing between him and his third wife, Cecile Schultz Calmes, and prayed that his said surviving widow in community be placed in possession of an undivided one-half thereof, and that Mrs. Doherty and this plaintiff be recognized as the sole heirs at law and as such placed in possession of the other undivided one-half of said community property.
 

 “In that petition it was represented:
 
 ‘
 
 * * * that all the property left by decedent was acquired during the existence of the community of acquets and gains existing between him and your petitioner, Mrs. Cecile Schultz Calmes, * * *
 

 “And in paragraph 3, we find the following allegation: ‘That on May 1, 1945, and within the time allowed by law for deliberating, your petitioners, Mrs. Cecile Schultz Calmes, Mrs. Catherine Calmes Doherty and Mrs. Leah Calmes Janney, filed a pleading herein formerly announcing their acceptance of this succession with the benefit of inventory which inventories had been previously approved and homologated by this Court.’
 

 “Paragraphs 5, 10 and 12 of said petition read as follows:
 

 “ ‘V. That your petitioners, Mrs. Catherine Calmes Doherty and Mrs. Leah Cal-mes Janney, the surviving heirs, respectively, of the decedent, James F. Calmes, now show that they hereby accept purely, simply, and unconditionally the succession and estate of the said decedent, James F. Cal-mes, and assume the payment of all debts of the succession.’
 

 “ ‘X. That as will appear by the inventories filed and homologated herein, the total gross value of all property left by decedent ¿mounts to $90,980.17; the said total amount in valuation is composed of an undivided interest in Calmes Construction Company, a commercial partnership now in the process of judicial liquidation, capital stock in Home Realty Investment Com
 
 *383
 
 pany, Inc., and other assets inventoried by parishes in the following sums, to-wit:
 

 East Baton Rouge Parish......$16,606.42
 

 Jefferson Parish ............. 49,050.00
 

 St. Bernard Parish........... 25,293.75
 

 Tangipahoa Parish........... 30.00
 

 Total ................... 90,980.17’
 

 “ ‘XII. That as alleged above, and as will more fully show by the inventories filed herein, the total property belonging to this estate and succession has a gross valuation of $90,980.17; that since this succession is being accepted purely, simply and unconditionally and the unconditional acceptance of the succession by the heirs has the effect of making them liable for all debts of the decedent, consideration must be given to the amount of the debts owed by the decedent in order to determine the net amount of inheritance of said heirs for the purpose of computing the amount of inheritance tax due by each, if any is due; that decedent’s total indebtedness amounts to $80,210.42 which sum when deducted from the gross value of the estate leaves a net valuation of the total property belonging to the succession of only $10,769.75; and that as your petitioners, Mrs. Catherine Calmes Doherty and Mrs. Leah Calmes Janney, who are the sole and only surviving children and heirs of decedent, are ■each entitled to an exemption of $5,000.00 under the inheritance tax statute of this State, and said heirs owe inheritance tax to the State of Louisiana, on the sum of $769.75 computed at the rate of two percent, amounting to $15.40.’
 

 “Judgment was rendered in accordance with the prayer of the petition. No suit has been brought by this plaintiff or by any other interested party to have that judgment set aside. Exceptor contends that as long as that judgment remains outstanding the plaintiff is judicially estopped to bring this action.
 

 “Before going into this question, it is appropriate here to recall that as will appear from proceedings had in No. 22,758 of the docket of this Court in which plaintiff was a petitioner, it was alleged that all of the interest left by the deceased, James F. Calmes, in the Calmes Construction Company was acquired during the existence of the community of acquets and gains between him and his surviving widow, Mrs. Cecile Schultz Calmes. This allegation is coupled with a prayer to sell the physical assets of the said partnership for a cash consideration of $215,000.00. A judgment was rendered wherein the said sale was authorized and the plaintiff appeared as one of the vendors in an authentic act of sale passed on September 28, 1945, whereby the physical assets of said construction company were sold for the consideration of $215,000.00. The cash consideration was paid and the debts of the partnership were liquidated and the plaintiff received and accepted her proportionate share of the proceeds thereof.
 

 
 *384
 
 “The purchasers in that transaction acted upon the judgment of the Court authorizing the same.
 

 “After the judgment in that proceeding and in the succession proceedings were rendered, this plaintiff received 25% of all the cash in the hands of the administrator and was placed in possession of all other property to the extent of her proportionate interest, including 110 shares of the capital stock of Home Realty and Investment Co., Inc., of her interest in a certain promissory note executed by Edmond F. Adams, and various other properties listed in the judgment.
 

 “More than this, under the terms of the mortgage participating agreement with the City National Bank and the Reconstruction Finance Corporation, this plaintiff’s proportionate share of the proceeds of said note was fixed at $4,687.50. Presumably she has been receiving her pro-rata share of the installments that have been paid since the date of the agreement, September 28, 1945.
 

 “In addition to this, this plaintiff, together with her sister, Mrs. Doherty, and the widow, Mrs. Calmes, entered into an agreement designating the proportionate interest of each in certain certificates of stock of the Home Realty and Investment Company.
 

 “Without reciting them in detail, it is undenied that there were several other transactions in which this plaintiff participated, based upon the regularity and validity of the judgment placing the heirs in possession. in the matter of the succession of her deceased father.”
 

 With reference to the two judicial proceedings described in the written opinion of the trial judge, plaintiff alleges in her petition of this cause that she joined therein under a mistake of law and fact, and further the “ * * * all matters and methods by which there was avoided a proper settlement with your petitioner were assisted and abetted by said Cecile Schultz Calmes, actually and knowingly” additionally she alleges that in truth and in fact most of the property scheduled and administered in those proceedings had been acquired with funds belonging to the community that existed between James F. Calmes and plaintiff’s mother. And, under-these allegations and the prayer of her petition, plaintiff, in effect, is demanding herein an accounting from defendant Cecile Schultz Calmes of the property inherited by her as heir of her mother and father, especially that which belonged to the community of the second marriage.
 

 In considering this appeal we observe first that it does not concern innocent third parties. On this point plaintiff’s counsel, in their brief, state: “This is not a proceeding against third persons. * * * As to innocent third parties, the plaintiff stands willing to surrender expressly any rights against them. Indeed it would be appropriate for this court to qualify any judgment rendered so as to protect inno
 
 *385
 
 cent third parties.” The only person urging the pleas of estoppel herein, which were sustained by the trial court and resulted in the dismissal of this suit, is the widow of the third marriage, she claiming that plaintiff is now estopped from denying the allegations of the mentioned judicial proceedings to which plaintiff was a party. Clearly she is not an innocent third person.
 

 Regarding the equitable estoppel pleaded, the jurisprudence of this court is that an estoppel is not favored and that it will not be maintained unless the person urging it has been misled, to his prejudice, by acts of omission or commission of him who is sought to be estopped. Selber Bros., Inc. v. Newstadt’s Shoe Stores et al., 203 La. 316, 14 So.2d 10; State ex rel. Bass v. Mayor and Board of Aldermen of City of Oakdale, 204 La. 940, 16 So.2d 527. In the instant case defendant made no showing whatever that she was misled, to her detriment, by reason of plaintiff’s having joined with her in the institution of the mentioned judicial proceedings.
 

 As to the plea of judicial estoppel we must take notice of our comparatively recent decision in Sanderson et al. v. Frost, 198 La. 295, 3 So.2d 626, 629, which involved a legal situation identical with the one here. Therein, three of the children of decedent, Robert L. Sanderson, brought suit against his surviving widow (plaintiffs’ mother, who had since remarried) to be declared the sole owners of certain land, they alleging that it had been the separate property of their father. The widow contended that the land was purchased by her husband during the existence of the community and, hence, she owned an undivided one-half interest therein as the surviving spouse. To the widow’s contention the plaintiffs pleaded estoppel, with reference to which we remarked and ruled:
 

 “On the day the case was called to trial in the District Court, the plaintiffs filed a plea of estoppel in which they set forth that the defendant was precluded from contending in her answer that the land was community property because she had, after her husband’s death, judicially confessed, in the proceedings entitled ‘The Tutorship of the Minor Heirs of Robert L. Sander-son, Deceased,’ No. 720 of the Docket of the court, that it was the separate and paraphernal property of her husband and that the plaintiffs had inherited it in full ownership from their father. And they further maintained that their mother was estopped for the reason that she had told them that they were the owners of the property and that she at all times, up to a short time before suit was filed, recognized that she had no interest whatever in the real estate.
 

 “In overruling the plea of estoppel, the District Judge said:
 

 “ ‘There is nothing in the record to show that the judicial declarations of Mrs. Frost, referred to in the plea of estoppel, in any wise deceived or misled, or damaged the plaintiffs, and without such showing, it is
 
 *386
 
 my opinion that the plea of estoppel is not good/
 

 “And he further stated (and correctly so) that the law of this State, as laid down in the case of Tyler v. Walt et al., 184 La. 659, 167 So. 182, was to the effect that a person is not estopped by his judicial allegations which have neither deceived nor damaged anyone.
 

 “A review of the record has satisfied us that the plaintiffs have not been prejudiced or damaged by the allegations of Mrs. Frost in the tutorship proceedings, which were unquestionably founded upon an erroneous conception of her legal rights. Under the circumstances, the judge’s ruling was eminently sound.”
 

 Further, in the opinion of that case we made reference to the confusion that had existed in the early jurisprudence of this court as a result of Civil Code, Article 2291, which provides that a judicial confession or a declaration in a judicial proceeding is full proof thereof against him who has made it, and we pointed out that our decision in Farley et al. v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, L.R.A.1915A, 200, Ann.Cas.1915C, 717, completely eliminated that confusion by an unequivocal holding that estoppel, judicial or otherwise, cannot be successfully invoked unless the person pleading it shows that he has been damaged by the inconsistent statement, and also by the holding that Civil Code, Article 2291 had reference to judicial confessions made in the same suit, not to those in other suits. Then we concluded in the Sanderson case, on the question of judicial estoppel, thus:
 

 “We therefore hold that, since the allegations contained in the tutorship proceedings, which are relied upon by the plaintiffs as constituting judicial confessions, were made in another proceeding and not in the case at bar, Article 2291 of the Revised Civil Code is without application.”
 

 In the more recent case of Robinson v. Hunt et al. (on rehearing), 211 La. 1019, 31 So.2d 197, 208, we had under consideration a plea of judicial estoppel grounded on declarations made by the plaintiffs in affidavits attached to their motion to dismiss filed in another proceeding. Concerning it we commented: “In this court counsel for Cap-low, in support of their argument that the lower court’s ruling sustaining the plea of estoppel by record was correct, cite and reply on the cases of Gaudet v. Gauthreaux et al., 40 La.Ann. 186, 3 So. 645, and Bender v. Belknap, 23 La.Ann. 764. These two cases appear to be full authority for counsel’s contention and would be full authority if the later jurisprudence of this state had followed the rule as to judicial estoppel laid down therein. That this rule has not been followed is shown in the case of Farley et al. v. Frost-Johnson Lbr. Co., 133 La. 497, 63 So. 122, 124, L.R.A.1915A, 200, Arm. Cas.l915C, 717, an outstanding case in our jurisprudence on the question of judicial estoppel. In that case the two cases cited by counsel for Caplow are discussed and an
 
 *387
 
 alyzed, and the better rule as to judicial estoppel is set forth therein.”
 

 Continuing' in the Robinson case, we reviewed at length our decisions in the Farley, Tyler and Sanderson cases, mentioned supra, and then reaffirmed the doctrine thereof (which is that judicial estoppel will not lie unless the party pleading it has been misled prejudicially) by holding: “In view of the fact that the plea of estoppel by record filed in the instant case and sustained by the trial judge was based principally on the proposition that a party litigant will not be permitted to deny in this suit what he has solemnly acknowledged in another judicial proceeding, and in view of the fact that there was no allegation in this plea that Caplow was deceived, misled, or damaged, the judgment sustaining the plea of estoppel by record, in our opinion, constituted error and must be reversed.”
 

 Again, recognition of that doctrine was given in the more recent case of succession of Land, 212 La. 103, 31 So.2d 609, 620, wherein we said and held:
 

 “John R. Land, Jr., further contended that Mrs. Triplett was estopped from denying that certain bonds listed on the inventories belonged to the succession of her father by reason of certain letters written to him by his mother, and Mrs. Triplett contended that Land was estopped from claiming the property listed on the inventories as community property by reason of certain judicial admissions made by him in the succession of his father.
 

 “Since neither of these litigants relied or acted, to his prejudice, on the declarations which were urged by them as the bases of their' pleas of estoppel, the lower court properly overruled these pleas.”
 

 Not only has the defendant herein, Cecile Schultz Calmes, failed to prove a reliance to her injury or prejudice on plaintiff's declarations in the two judicial proceedings respecting the estate of James F. Calmes, but also she did not even allege it when pleading estoppel. From which it follows that under our recent jurisprudence the plea cannot be maintained.
 

 In the brief of defense counsel are cited numerous cases which we have considered but which need not be discussed in detail. They are inappropriate here. It is sufficient to say that some were decided prior to the decision in the Sanderson case, while the others concerned rights of persons who had relied to their detriment on the declarations involved.
 

 After the perfecting of this appeal, appellee filed in this court exceptions of no right and no cause of action in which she alleges:
 

 “(a) That the issues framed by the petition of plaintiff and appellant involve directly the validity and binding effect of the final and definitive judgments rendered and signed more than a year prior to the institution of this suit by the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, in the Succession of
 
 *388
 
 James F. Calmes, No. 4670, and in the In re Judicial Liquidation of Calmes Construction Company, No. 22,758;
 

 “(b) That the judgment of probate and the judgment rendered in the liquidation proceedings aforementioned are prima facie valid, final and definitive and thereby insusceptible of annulment, amendment or revision by collateral attack, no direct action for annulment having been instituted.”
 

 If the judgments referred to were definitive in character, as defendant suggests, there might be merit in the exceptions. One of the methods for setting aside a definitive judgment is by an action of nullity, Code of Practice, Article 556. This action must be brought by means of a petition, with the adverse party being cited to appear as in ordinary suits, Code of Practice, Article 610. Furthermore, when a definitive judgment has been obtained through fraud, the action to annul must be brought within' the year after the fraud has been discovered, Code of Practice, Article 613. But the judgments here, according to the briefs of counsel (copies of the judgments are not in the record), were rendered only in the ex parte proceedings, to which defendant and plaintiff were parties, that recognized the property left by decedent James F. Calmes as belonging to the community of the third marriage. This being true they, although being prima facie valid, were not definitive judgments; hence, Code of Practice, Articles 556, 610 and 613, above referred to, are inapplicable. Definitive judgments are such as have the force of res judicata, Code of Practice, Article 539. Ex parte judgments recognizing heirs as being entitled to an estate and sending them into possession thereof, such as are involved here, cannot serve as the basis for a plea of res judicata. Succession of Lampton, 35 La.Ann. 418; Taylor v. Williams, 162 La. 92, 110 So. 100.
 

 For the reasons assigned the exceptions of no cause and no right of action filed in this court are overruled, the judgment of the district court is reversed and set aside, the pleas of equitable and judicial estoppel are denied, and the case is remanded for further proceedings according to law and not inconsistent with the views herein expressed. The costs of this appeal shall be paid by appellee, and all other costs shall await the final determination of the suit.
 

 O’NIELL, C. J., absent.