36 So.2d 648

**SLATON v. KING.**

No. 38614.

June 1, 1948.

Rehearing Denied July 2, 1948.

McBride & Goff, of Ruston, for defendant-appellant.

Dhu Thompson, of Monroe, and James T. Spencer, of Farmerville, for plaintiff-respondent.

McCALEB, Justice.

Plaintiff, Malcolm D. Slaton, prior to his marriage to defendant, Willa Lee Slaton King, on August 10th, 1935, was the holder and owner of a certain mortgage note made and signed by one Green Rowden, dated December 31st, 1931, for the principal sum of $537.60. This note was identified with an act of mortgage executed by said Rowden, wherein he hypothecated, as security for its payment, 40 acres of land owned by him in Lincoln Parish. On November 27th, 1937, during the existence of the marriage between plaintiff and defendant, Rowden conveyed and delivered to plaintiff, by authentic act, the 40 acres of land for and in consideration of the "return and cancellation of Mortgage note for the sum of $537.60, dated Dec. 26, 1931, and due October 15th 1932 * * *." Subsequently, on September 26th, 1941, defendant secured a divorce from plaintiff.

On December 26th, 1945, plaintiff filed the present suit alleging that he is the sole owner of the 40 acre tract and that defendant is slandering his title, having executed oil and gas leases to The California Company covering an undivided interest in the land. Defendant appeared in due course and filed certain technical pleadings, which were overruled, and thereafter converted the suit into a petitory action, insofar as an undivided one-half ownership of the land is concerned, by claiming that the property belonged to the community which formerly existed between plaintiff and herself. After a trial, defendant's contention was sustained by the District Court but, on rehearing, the judge reversed his position and entered a decree in plaintiff's favor, as prayed for. Defendant then prosecuted an appeal to the Court of Appeal for the Second Circuit where the judgment of the district court was affirmed. 30 So.2d 867. Later, on defendant's application, we granted a writ of review and the matter has been submitted for our determination.

The main question for decision **is** whether the 40 acre tract, which was acquired during the marriage between the parties, became part of the community then existing between them or is the separate property of plaintiff. The Court of Appeal found that, since the acquisition was by a dation en paiement from Rowden in consideration of the cancellation of a debt which he admittedly owed to plaintiff prior to the marriage, the land became part of plaintiff's separate estate. The court recognized the doctrine, well established in our jurisprudence, see Joffrion v. Bordelon, 14 La.Ann. 618; Durham v. Williams, 32 La.Ann. 162; Succession of Marrick, 35 La.Ann. 296; Moore v. Stancel, 36 La.Ann. 819; Heirs of Murphy v. Jurey, 39 La.Ann. 785, 2 So. 575; Hero v. Bloch, 44 La.Ann. 1032, 11 So. 821; O'Neil v. Walker, 45 La.Ann. 609, 615, 12 So. 872; Hall v. Toussaint, 52 La.Ann. 1763, 28 So. 304; Succession of Muller, 106 La. 89, 30 So. 329; Succession of Burke, 107 La. 82, 31 So. 391; Sharp v. Zeller, 110 La. 61, 34 So. 129; McWilliams v. Stair, 128 La. 752, 55 So. 343; Succession of Andrus, 131 La. 940, 60 So. 623; Succession of Goll, 156 La. 910, 101 So. 263; Succession of Watkins, 156 La. 1000, 101 So. 395; Kittredge v. Grau, 158 La. 154, 103 So. 723; Schoeffner v. Schoeffner, 163 La. 142, 111 So. 655; Succession of Bell, 194 La. 274, 193 So. 645 and Sanderson v. Frost, 198 La. 295, 3 So.2d 626, that acquisitions of real property in the name of the husband during the marriage creates a presumption in favor of the community, juris et de jure,[1] unless there is contained in the deed the double declaration that the property is acquired with the separate funds of the husband and for his separate estate.[2] But the court declined to apply the rule, reasoning that it pertained only to purchases of property by the husband and not to an acquisition by dation en paiement.

This resolution was erroneous in our view. The first sentence of Article 2402 of the Civil Code reads:

"This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the

---

[1] Compare cases where property is acquired in the name of the wife. In such instances, it is presumed to be community but the presumption is subject to rebuttal. See Kittredge v. Grau, supra, and cases there cited.

[2] In Sharp v. Zeller, supra [110 La. 61, 34 So. 133], the basis for the requirement of a double declaration in the deed is stated thus: "The reason for this, doubtless, is to bind the husband irrevocably, so that he should be unable to subsequently abandon the property to the community in order to exercise upon it, as a creditor, a right of priority for the replacement of the sum expended for its purchase. A mere statement by the husband that the payment price of the property was made with his separate funds is not inconsistent with the fact that the ownership was intended to be vested in the community. It would simply place of record a declaration in aid of a claim for reimbursement."

produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, *either by donations made jointly to them both, or by purchase, or in any other similar way,* even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase." (Italics ours.)

Hence, it is readily seen from the applicable article of the Code that it is effective not only as to property purchased during the marriage but also as to property acquired "in any other similar way".[3]

■ That an acquisition of land by dation en paiement is similar to a purchase cannot be gainsaid. Indeed, the act of giving in payment is unquestionably a species of sale. The articles of the Code which deal with the giving in payment (Chapter 13, Articles 2655 through 2659) are contained in Title VII of Book III of the Civil Code which treats of the contract of sale and all of the elements necessary to an ordinary contract of sale, i. e., an agreement for the object and the price thereof, are essential to a dation en paiement. The latter, in addition, requires delivery. (Article 2656.)

■ The only exception to the rule that real property acquired by the husband during the marriage is conclusively presumed to be community, in the absence of his double declaration in the act that he has purchased with his separate funds and he intends it for his separate estate, is in cases where he exchanges his separate property for other immovables. In such instances, it has been said:

"Property so acquired during marriage, in the name of either spouse, is substituted for the property given in exchange for it, and has the same status or ownership." See Kittredge v. Grau, supra, on rehearing, 158 La. 165 at page 171, 103 So. 727 at page 729.

Counsel for plaintiff maintain that a dation en paiement is in the same category as an exchange and that not only should it be excluded from the rule (respecting acquisitions of immovables in the name of the husband during the marriage) but that the court has already concluded that it is to be excepted. In support of the proposition, counsel cite Savenat v. LeBreton, 1 La. 520; Gonor v. Gonor, 11 Rob. 526; Lawson v. Ripley, 17 La. 238; Dominguez v. Lee, 17 La. 295; Comeau v. Fontenot, 19 La. 405; Com'rs of Exchange and Banking Co. v. Bein, 12 Rob. 578; Stroud v. Humble, 2 La.Ann. 930; Metcalf v.

---

[3] In interpreting the scope of the clause "or in any other similar way" as used in Article 2402, the Court has said that it is broad enough to include property acquired by the prescription of thirty years adverse possession. See Crouch v. Richardson, 158 La. 822, 104 So. 728.

Clark, 8 La.Ann. 286; Wilson v. Hendry, 12 La.Ann. 244 and Succession of Pinard v. Holten, 30 La.Ann. 167.

■ The contention is not well founded. All of the cases cited by counsel, with the exception of Savanet v. LeBreton and Comeau v. Fontenot, involved acquisitions in the name of the wife during the marriage and are authority only for the rule that, whereas acquisitions of this sort are presumed to fall into the community, the wife has the right to rebut the presumption by offering evidence to show that the acquisition was made with her separate funds and for her separate estate. That doctrine, of course, as above pointed out, is inapplicable to acquisitions by the husband.

Counsel rely heavily upon the case of Savanet v. LeBreton which involved a conveyance of real estate by an aunt of the wife to the husband in payment on account of a sum of money which was due the wife from the succession of her father and mother. There, the court held that, despite the Spanish law (which is rigorous in its provisions that all acquisitions of property during the marriage fall into the community), the wife was entitled to judgment recognizing the property as paraphernal because the law applied only to acquisitions made by purchase "and does not necessarily include things which may be received by either of them (the spouses) in payment of money due to them on their separate and individual rights". It is said

that this ruling warrants the conclusion that an exception is made in cases involving a dation en paiement even though the acquisition is by the husband. In our view, however, the Savanet case cannot sustain the proposition.

In Comeau v. Fontenot, supra, also cited by counsel, the wife sued the husband for a separation of property and sought to have a slave, which had been received by the husband in discharge of the sum of $750 (to which the wife was entitled by inheritance), recognized as her separate property. The court, relying on the decision in Brown v. Cobb, 10 La. 172, held that the slave, though bought with the funds of the wife, belonged to the community and distinguished Savanet v. Le Breton on the ground that, there, while the acquisition of the property by dation en paiement was in the name of the husband, he had received the property as agent for his wife.

Again, in Kittredge v. Grau, supra, the court on rehearing discussed Savanet v. LeBreton and concluded that the decision was correct because it there appeared that the husband acknowledged in the dation en paiement from the wife's aunt that he was receiving the lot as part of his wife's paraphernal estate. Thus, the Savanet case may be said to be authority only for the rule that a wife who acquires property during the marriage, either in her own name or through an agent, may always show that it was obtained with her separate

funds and for her separate estate for the purpose of rebutting the presumption that all acquisitions during the marriage are for the community.

We are of the opinion that the acquisition of the property during the marriage without a declaration in the deed by plaintiff not only that the property was acquired with his separate funds but that it was for his separate estate conclusively precludes him from contending that the land does not belong to the community. Of course, since the record is clear that the consideration given for the land was the separate property of plaintiff, the community estate is indebted to his separate estate to that extent and the right is reserved to him to recover this indebtedness from the community.

The plaintiff maintains, finally, that defendant is estopped from asserting that plaintiff is not the sole owner of the tract inasmuch as she, in her petition for divorce, alleged that no community property had been acquired during the marriage.

This contention is without merit. There is nothing in the record to exhibit that plaintiff was misled or damaged by reason of the allegation contained in the divorce petition and, without such a showing, the plea of estoppel is not well taken. Farley et al. v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, L.R.A.1915A 200, Ann.Cas.1915C, 717; Tyler v. Walt et al., 184 La. 659, 167 So. 182; Sanderson v. Frost, supra; Robinson v. Hunt et al., 211

La. 1019, 31 So.2d 197 and Janney v. Calmes, 212 La. 756, 33 So.2d 510.

For the reasons assigned, the judgments of the Court of Appeal and the District Court are annulled and set aside. It is now ordered that there be judgment herein in favor of Willa Lee Slaton King and against Malcolm D. Slaton, rejecting his demand and that Willa Lee Slaton King be and she is recognized as owner of an undivided one-half (½) interest in South West Quarter of South East Quarter (SW¼ of SE¼) Section Fifteen (15), Township Eighteen (18) North, Range Two (2) West, containing 40 acres, more or less, Lincoln Parish, Louisiana, together with all appurtenances and rights thereto appertaining and all improvements thereon."

All costs are to be borne by Malcolm D. Slaton.