This is a suit in which plaintiff, a divorced wife, seeks to be recognized as the sole and absolute owner of certain movable property, claimed to belong to her separate estate, of her undivided one-half interest in other movable and personal property belonging to the community which formerly existed, and, finally, of an undivided one-half interest in an undivided three-fourths interest in certain particularly described real estate located in Union Parish, Louisiana, alleged to have been acquired by purchase of the husband during the existence of the community. After trial there was judgment in favor of plaintiff recognizing her ownership in accordance with her claims, which judgment further condemned the defendant in the sum of $337.50, representing one-half of the amount received by said defendant from the sale of an automobile belonging to the community, which sale was made after the judgment of divorce between the parties. From the judgment defendant prosecutes this appeal.
The facts involved in this matter are largely uncontradicted. Plaintiff, Mary Rockett, was married to defendant, Clarence *Page 82 
Stone, on October 2, 1926, and the said parties lived together as husband and wife until the dissolution of the marriage by a judgment of final divorce on February 6, 1947. On February 11, 1930, by properly executed notarial act, Clarence Stone acquired from T. L. Stone, acting for himself individually and as natural tutor of the minor, Clois Stone, the following described property in Union Parish, Louisiana: "Three-fourths interest (which includes the minor's one-fourth interest and one-half interest of T. L. Stone) in and to the following described property, to-wit: All that part of the N 1/2 of the SW 1/4 of the SE 1/4 Section 5 lying East of the Old original Spearsville and Farmerville Road, and the N 1/2 of the SE 1/4 of the SE 1/4 Section 5, and NW 1/4 of the SW 1/4 Section 4, all in Township 22 North, Range two (2) West, containing 70 acres, more or less, together with all the improvements situated thereon and thereto belonging."
The consideration was recited in the act of conveyance as follows: "the sum of six hundred seventy-five no/100 ($675.00) dollars, cash in hand paid the receipt of which is hereby acknowledged, of which $275.00 is for the minor's interest."
Also incorporated in the act of conveyance was the following statement with respect to the marital status of the vendee, Clarence Stone: "(who has been once married, whose wife is Mrs. Marie Stone nee Marie Rockett who is living and not divorced from vendee)."
In answer to plaintiff's claims defendant denied that the property described belonged to the community and asserted that the same was acquired by him as his separate property. Defendant further claimed that no cash consideration was paid and that the property came to him by virtue of inheritance in which his wife had no interest and, as a consequence, that the said real estate in reality formed no part of the community then existing.
The general rule in Louisiana, established beyond any question by a long and impressive line of jurisprudence, which rule has been recently reiterated by the Supreme Court in the case of Slaton v. King, 214 La. 89, 36 So.2d 648, in which case numerous authorities were cited, is that acquisition of real property in the name of the husband during the marriage creates a presumption in favor of the community, juris et de jure, failing the double declaration that the property was acquired with the separate funds of the husband and for the benefit of his separate estate.
Inasmuch as the property here in question was acquired during the marriage and the existence of the community of acquets and gains between husband and wife, and since the act of conveyance by which the acquisition was consummated does not contain either of the requisite declarations, there can no longer remain the slightest doubt as to the community nature of the property interest so acquired.
It is true that in the instant case some attempt was made to show that the interest in the described real estate was acquired by exchange, obviously for the purpose of bringing the facts within the only recognized exception to the rule above stated. It suffices to say that the record does not sustain this claim even in the slightest degree.
It is further asserted on behalf of this defendant that in any event he is entitled to recognition of his claim for reimbursement for one-half of the recited consideration, the whole of which was paid out of his separate funds. This claim must be denied on two grounds, either of which would be fatal to defendant's contentions. First, there is no allegation in the answer which would justify the admission of evidence on this point and since timely objection was made it follows that the admission of the evidence tendered should have been refused. Second, even considering such evidence, as was admitted subject to the objection, the same entirely fails to establish the fact that the consideration for the purchase was paid out of separate funds.
With respect to the movable property it is obvious from consideration of the brief of defendant's counsel before this Court that no further contention is made on behalf of defendant since the brief, in its concluding paragraph, simply urges primarily *Page 83 
the reversal of the judgment with respect to the disposition of the real estate and, in the alternative, a recognition of the indebtedness on the part of the community to the separate estate of defendant for the sum set forth as being the purchase price of the real estate in question. We therefore conclude that the defendant's claims with respect to the personal and movable property have been abandoned. In any event, an examination of the record has convinced us of the correctness of the judgment in its entirety.
For the reasons set forth the judgment appealed from recognizing the plaintiff, Mrs. Marie Rockett Stone, as the owner of an undivided three-eighths interest in and to the following described property located in Union Parish, Louisiana, to-wit: All that part of the N 1/2 of SW 1/4 of SE 1/4 Section 5 lying East of the Old original Spearsville and Farmerville Road, and the N 1/2 of SE 1/4 of SE 1/4 Section 5 and NW 1/4 of SW 1/4 Section 4, all in Township 22 North, Range 2 West, containing 70 acres, more or less, together with the improvements situated thereon and thereto belonging together with all other decrees of said judgment with respect to the ownership of personal and movable property, and for the money judgment set forth, is affirmed at appellant's cost.