McBRIDE, Judge.
Plaintiff sued defendant for and recovered against him judgment for $300 (plus attorney’s fees) representing two months’ rent for the premises 214 Cambridge Court, under a written lease wherein plaintiff is the lessor and the defendant the lessee. Defendant appeals.
*74 A decision of the case must rest squarely upon the construction to be given certain provisions of the lease agreement. The lease is for a' period of two years commencing- September 1, 1954, but this was restricted by the insertion in the document of the following clauses:
"It is understood and agreed that after the first year of this lease, Lessor and Lessee will have the privilege of cancelling same for any reason whatsoever, upon giving sixty (60) days’ prior written notice to Latter & Blum, Inc., Agents, of his intention so to do.
“The Lessor is further given the privilege in the event of a sale during the first year of the lease to notify the tenant sixty (60) days prior to the expiration of the first year of his desire to cancel'said lease.”
Defendant takes the position that he was privileged to terminate the lease at the end of the first year by giving the stipulated sixty days’ notice. The facts are that he notified plaintiff’s agent in July 1955 that the lease would be terminated on September 9, and moved from the premises on that date.
From a mere reading of the provisions' above-quoted, the language appears to be clear and unambiguous. The lessor, as well as the lessee, was given the right after one year to cancel the lease upon giving sixty days’ prior notice for any cause. This does not mean that the lease could be terminated by either party on the expiration of the first year. Our conclusion is that the lease, as we interpret it, would be for a minimum period of fourteen months, and whereas defendant moved from the premises two months sooner, he owes the amount of rental plaintiff claims.
Defendant cites several cases holding that where there is ambiguity in a lease the same must be construed in favor of the lessee rather than the lessor, but the cases are inapplicable here for the simple reason no ambiguity exists in the contract between the parties.
Defendant also filed a plea of estoppel, the factual basis of which is that since plaintiff’s agent promised to “pick up” the keys to the premises when defendant moved out and failed to notify defendant that he could not terminate the lease on September 9, 1955, this misled defendant into believing that he had the legal right to vacate the premises at the end of the first year. We see nothing that plaintiff or his agent did that misled or prejudiced defendant, and in the absence of such a showing the plea of estoppel is not well taken. Parker v. Ohio Oil Co., 191 La. 896, 186 So. 604; Slaton v. King, 214 La. 89, 36 So.2d 648. Neither plaintiff nor his agent was under a duty to advise defendant as to a matter of law.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.