TATE, Justice ad hoc.
 

 Plaintiff appeals from the dismissal, after trial, of her suit to be recognized as the surviving half-sister of the deceased Edward Turner and thus entitled to share-in his estate, LSA-C.C. Art. 911.
 

 Made defendant was Alice Smith Turner, decedent’s mother,
 
 [1]
 
 who had been recogniz
 
 *209
 
 ed by a 1934 judgment of'the Civil District Court as his sole heir soon after decedent died intestate, unmarried, and without descendant, upon said mother’s allegations that she was the sole surviving parent and that there were no collateral heirs, LSA-C.C. Arts. 888, 903, 907, cf., LSA-C.C. Art. 922. Decedent’s estate consisted of certain immovable property he had purchased during his lifetime.
 

 Plaintiff’s suit is founded upon her allegation that 'Charles Turner was the father both of herself and of decedent by different marriages. The aforesaid Charles Turner had died in 1924, thus predeceasing decedent.
 

 The evidence in the record, chiefly the defendant mother’s testimony corroborated by 1900 baptismal and hospital records, clearly shows that decedent Edward “Turner” was born to her out of wedlock in 1900 and that his father was Willie Charles. Decedent’s mother and Charles Turner were not married until 1918. (Following this marriage, the decedent assumed his stepfather’s surname and was known as Edward “Turner”.) Thus, the claimant is totally unrelated by blood or by law to the decedent and has no claim whatsoever to his property.
 

 Plaintiff contends, however, that the defendant mother is estopped to deny that Charles Turner was decedent’s father and is bound by her judicial confession to this
 
 effect
 

 [2]
 

 in her petition for possession of decedent’s estate in 1934 and (at least implied) in a 1947 deposition taken in an abandoned earlier 1946 suit by plaintiff based upon the same cause of action as the present. Plaintiff cites in support of this contention LSA-C.C. Art. 2291, which pertinently provides:
 

 “The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
 

 “It amounts to full proof against him . who has made it. * * * ”
 

 This contention is without merit. An earlier judicial admission does not in a subsequent proceeding bind the person making same, nor does it estop him from denying the correctness thereof, unless the other party claiming the benefit of a judicial estoppel resulting therefrom has been deceived by such judicial confession and has relied or acted thereon to his prejudice. Sun Oil Co. v. Smith, 216 La. 27, 43 So.2d 148, 149; Slaton v. King, 214 La. 89, 36 So.2d 648; Janney v. Calmes, 212 La. 756,
 
 *211
 
 33 So.2d 510; Succession of Land, 212 La. 103, 31 So.2d 609; Robinson v. Hunt, 211 La. 1019, 31 So.2d 197; Sanderson v. Frost, 198 La. 295, 3 So.2d 626. No detrimental reliance or change of position by plaintiff is shown to have resulted from the defendant mother’s incorrect judicial allegations in question.
 

 Further, it is of some interest to note that, even accepting plaintiff’s factual theory that she was a legitimate daughter of Charles Turner who was also the father of decedent, the evidence tendered by her would show that Charles Turner and her mother were married prior to 1896 and that this marriage was dissolved by her mother’s death in 1908. Since decedent would thus have been illegitimate at his birth in 1900, and furthermore an adulterous bastard, LSA-C.C. Art. 182, who could not prior to 1948 be legitimated by the subsequent marriage of his parents, LSA-C.C. Art. 198, plaintiff as his legitimate half-sister could not inherit from him, Succession of Wesley, 224 La. 182, 69 So.2d 8, and thus would be without interest to dispute the surviving mother’s claim to his estate.
 

 For the reasons assigned, the judgment of the District Court is affirmed. All costs to be paid by plaintiff.
 

 Affirmed.
 

 HAWTHORNE, J., takes no part.
 

 [1]
 

 . Subsequent to lodgment of the .appeal with this court, Alice Smith Turner, the decedent’s mother and the defendant-appellee, died and her testamentary heir was substituted' as party appellee in her place.
 

 [2]
 

 . Decedent’s mother testified that the reason therefor was: “I was ashamed to let anybody know that I had birthed a baby out of wedlock.”