ELLIS, Judge.
This is a suit in which the plaintiff seeks to obtain a judgment against the defendant, Ray Young, for furniture bought by his wife. Suit was first instituted in the City Court of Bogalusa. Defendant filed exceptions of no cause or right of action and a prayer for oyer requesting the original sales tickets. He then filed a general denial to plaintiff’s petition.
*550 Evidence was admitted into the record showing that an employee of the plaintiff knew the defendant, Ray Young, and his wife. He testified that he sold Mrs. Young certain merchandise totalling the amount sued for and that Mrs. Young signed the sales tickets.
Plaintiff’s employee, Mr. Campbell, also testified that the defendant actually came to the store and discussed the account with him, making a payment of $20 and promising to bring the account up to date. Prior to the rendition of judgment plaintiff dismissed the original suit.
A second petition was filed by the plaintiff alleging, substantially, that the defendant was indebted to the plaintiff in the sum of $292.72, that the defendant was married to Hattie Young and that merchandise was sold to the defendant and his wife. Plaintiff also alleged that the merchandise delivered to the defendants’ home has been used by both the defendant and his wife since the sale. The defendant voluntarily made certain payments to the plaintiff and at no time did he make any objections to the purchases by his wife.
Defendants filed exceptions of vagueness and estoppel to the second petition. Defendants’ exceptions of vagueness was disposed of by stipulation of counsel incorporating the entire record of the prior suit. The plea of estoppel was overruled by the lower court and trial was had on the merits. The evidence introduced in support of the second suit was substantially the same as that taken in the original hearing.
Judgment was rendered for the plaintiff and from this judgment the defendants appealed urging certain errors.
The errors complained of by the defendant are that the plaintiff’s original petition formed a part of the record of the second suit and inconsistent with the allegations therein, the inconsistency being that the first petition contained no allegation that the wife purchased the goods. Defendants’ theory appears to be that plaintiff’s petition when construed together is so inconsistent that it defeats his cause of action, or that the plaintiff is judicially es-topped from denying the allegations incorporated in the original petition that the defendant purchased the goods.
We must construe the pleadings of both suits in order to determine whether they are so inconsistent that plaintiff’s demands should be rejected, or whether the allegations of plaintiff’s first petition are so binding and controlling that he is estopped from alleging the goods were purchased by the wife.
At the outset we feel that the construction defendant attempts to place upon the pleadings is entirely too narrow. Pleadings are to be construed by taking the allegations thereof as a whole and not as a detached sentence or paragraph standing alone. Soniat v. White, 155 La. 290, 99 So. 223; H. P. Richard & Sons v. Director General of Railroads, 160 La. 1019, 107 So. 891.
Plaintiff’s original petition, when considered as a whole, merely states that the plaintiffs are seeking the purchase price for goods purchased by the defendant. The total effect of the second petition is to elaborate on the allegation in the first petition that the goods were purchased by the defendant. It is actually used as an explanation or enlargement of the first petition. In the second petition plaintiffs state that the goods were actually purchased by the wife for the use of the defendant and his wife. This partakes of the nature of a supplemental petition and is not so inconsistent as to defeat the plaintiff’s demand. The purpose of the allegations in the second petition is merely to enlarge and expand the facts to show the whole transaction surrounding the sale.
Defendant’s plea of judicial es-toppel is without merit. We quote from a very recent case dealing on this particular point, being the Succession of Turner, 235 *551 La. 206, 103 So.2d 91, 93, and from which we quote:
"This contention is without merit. An earlier judicial admission does not in a subsequent proceeding bind the person making same, nor does it estop him from denying the correctness thereof, unless the other party claiming the benefit of a judicial estoppel resulting therefrom has been deceived by such judicial confession and has relied or acted thereon to his prejudice. Sun Oil Co. v. Smith, 216 La. 27, 43 So. 2d 148, 149; Slaton v. King, 214 La. 89, 36 So.2d 648; Janney v. Calmes, 212 La. 756, 33 So.2d 510; Succession of Land, 212 La. 103, 31 So.2d 609; Robinson v. Hunt, 211 La. 1019, 31 So. 2d 197; Sanderson v. Frost, 198 La. 295, 3 So.2d 626. No detrimental reliance or change of position by plaintiff is shown to have resulted from the defendant mother’s incorrect judicial allegations in question.”
The District Court correctly denied and overruled plaintiff’s exception of no cause or right of action and plea of estoppel.
On the merits of the case, defendant has cited several decisions dealing with defenses wherein the defendant husband denied liability for the debts of his wife. It is significant that the defendant, in the case at bar, failed to introduce any evidence to deny the allegations of the plaintiff’s petition, particularly those dealing with ratification, as well as the evidence introduced in support of those allegations.
The facts in the cases cited by the defendant do not apply to the case at bar. In none of the cases cited by the defendant did the husband ratify the sales to the wife.
In Mathews Furniture v. La Bella, La.App., 44 So.2d 160, the defendant and his wife were living separate and apart. The court found that credit was extended to the wife in her own name and the plaintiff was not relying on the husband for credit for payment. The court there failed to find that the husband even authorized the purchase or later ratified it.
In Keller Zander, Inc. v. Copeland, La.App., 196 So. 527, 529, the facts show that credit was never extended by the plaintiff company to the defendant’s wife on the belief that the husband would be liable for payment. The facts show that the plaintiff company had two separate accounts, one for the wife, and another for the husband, the wife having been left separate estate by a former husband. There was also a finding by the court that the husband specifically instructed the credit manager that he did not want to be responsible for any purchases of his wife.
In Schaeffer v. Trascher, 165 La. 315, 115 So. 575, the issues were primarily confined to the fact that the goods purchased by the wife were not necessary. In that case the husband and a wife were separated and suit was instituted for a separation from bed and board. The evidence at the trial showed the husband offered to furnish the wife with any furniture from their community home. After the parties reconciled, the husband specifically refused to pay for the new furniture purchased by the wife as the new furniture purchased by the wife was not necessary. This position was upheld by the Supreme Court.
There is a recent case dealing with the question of ratification which is strikingly similar to the facts in the case at bar. See Montgomery v. Gremillion, La.App., 69 So.2d 618, 620, of which we quote:
“The judge a quo after giving thorough consideration to the evidence adduced reached the conclusion that the contract was ratified by the husband. He commented in an excellent statement of his reasons for judgment:
“ ‘In this case defendant by his own testimony admitted that he knew of his wife’s proposed purchase; He knew the old furniture was being traded in; he knew with whom the deal was made; he knew who delivered the merchandise or furniture; he used it, slept *552 on the beds, ate off the table, sat on the chairs, etc., and continued to do this for many months or possibly even years, without any protest or warning to plaintiffs that he was not bound or did not intend to be bound on his wife’s contract. We find that even after this account is placed in the hands of plaintiffs’ attorney for collection, he sought amicable adjustments from them for more time to pay the obligation, stating even then he ivas not financially able to pay rather than that he had never authorized or ratified the purchase contract.’ ” (Emphasis ours.)
The uncontradicted evidence in the case at bar clearly shows that the defendant, Ray Young, talked with the credit manager of the plaintiff’s store and made a partial payment on the account. He also stated that he would attempt to pay the account in full and to keep the installments as they fell due. The record is barren of any denials of liability on the part of the defendant.
For the reasons above given, the judgment of the District Court is affirmed.
Affirmed.